**The STATE of Ohio, Appellee,**

**v.**

**LAWRENCE, Appellant.**

[Cite as *State v. Lawrence* (1991), 74 Ohio App.3d 592.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 58661.

Decided June 17, 1991.

*Stephanie Tubbs Jones,* Prosecuting Attorney, for appellee.

*Friedman, Gilbert & Berezin* and *Gordon S. Friedman,* for appellant.

NAHRA, Judge.

Jeffrey Lawrence, defendant-appellant, appeals the trial court's resentencing of him to a term of life imprisonment with parole eligibility after thirty years and another term of life imprisonment with parole eligibility after twenty years, each sentence to run consecutively to the other.

As determined in *State v. Lawrence* (1989), 44 Ohio St.3d 24, 541 N.E.2d 451, Lawrence and his wife, Janet, and their children were next-door neighbors with Jesse and Cheryl Mooney and their children. Although the neighbors were friendly at first, the relationship deteriorated over the years to the point of outright hostility.

On the night of August 24, 1985, the Mooneys had a party in their garage. Disturbed by the noise of the party, Lawrence called the police at approximately 11:00 p.m. Lawrence's wife called the police again at 3:15 a.m. due to continued noise. An investigating officer returned to the scene and heard low music. He advised Jesse Mooney that the police had received another complaint and asked him to move the party into the house. After the officer left, an angry verbal exchange occurred between the Mooneys and the Lawrences. Cheryl Mooney yelled towards the Lawrence house that she knew that Janet Lawrence had called the police. Appellant responded from a second-story window and told the Mooneys to shut up. The Mooneys then yelled words in the nature of a challenge.

Lawrence got his shotgun and some pellets, told his wife to call the police, and went outside. Lawrence fired a shot from his backyard striking Cheryl Mooney and Thurman Dempsey. Cheryl staggered into the garage. Jesse Mooney then fired two shots from a handgun toward Lawrence's house. Running from his yard and across the front of the Mooney residence, Lawrence fired several more shots. Jesse Mooney was fatally struck. Lawrence entered the garage, grabbed Cheryl Mooney and dragged her to the spot where Jesse Mooney was and threw her on top of her husband. Lawrence then fired a shot into her back at close range causing her death. He then left the area.

At trial, several psychiatrists testified for the state and for Lawrence with respect to Lawrence's mental condition. Although the psychiatrists disagreed as to whether Lawrence could distinguish right from wrong, they all agreed that he was suffering from post-traumatic stress disorder. This disorder caused Lawrence to have sleep disturbance and to startle easily during loud noises.

Lawrence was convicted of two counts of aggravated murder with mass murder specifications. Following his sentencing hearing, Lawrence was sen-

tenced to death. Lawrence appealed his conviction and sentence to this court, which affirmed both. The Supreme Court of Ohio vacated Lawrence's death penalty sentence based on the finding that the aggravating circumstances did not outweigh the mitigating factors beyond a reasonable doubt. *State v. Lawrence* (1989), 44 Ohio St.3d 24, 541 N.E.2d 451.

On remand, the trial court, pursuant to R.C. 2929.06 and the order of the Supreme Court of Ohio, resentenced Lawrence to the following: a term of life imprisonment with parole eligibility after thirty years for the murder of Cheryl Mooney and a term of life imprisonment with parole eligibility after twenty years for the murder of Jesse Mooney. The two sentences were to run consecutively to each other and concurrent with the prior sentence left undisturbed by the Supreme Court of Ohio of ten to twenty-five years on each of two counts of attempted murder and an additional three-year term for the gun specification. This timely appeal follows.

Appellant's sole assignment of error states:

"The trial court abused its discretion by sentencing appellant to two (2) consecutive life sentences with parole eligibility after thirty (30) years on one, and parole eligibility after twenty (20) years on the other."

R.C. 2929.06 governs resentencing when a death sentence has been vacated. It states in pertinent part:

"If the sentence of death that is imposed upon any offender is vacated upon appeal because the court of appeals or the supreme court, in cases in which the supreme court reviews the sentence upon appeal, could not affirm the sentence of death under the standards imposed by section 2929.05 of the Revised Code, * * * the trial court that sentenced the offender shall conduct a hearing to resentence the offender. At the resentencing hearing, the court shall sentence the offender to life imprisonment with parole eligibility after serving twenty full years of imprisonment or to life imprisonment with parole eligibility after serving thirty full years of imprisonment."

Whether a trial court sentences the defendant to life imprisonment with twenty years or thirty years before parole eligibility is within its sound discretion and shall not be set aside upon review absent an abuse of that discretion. *State v. Williams* (1982), 7 Ohio App.3d 160, 7 OBR 204, 454 N.E.2d 1334, paragraph two of the syllabus; *Toledo v. Reasonover* (1965), 5 Ohio St.2d 22, 34 O.O.2d 13, 213 N.E.2d 179; *State v. Thompson* (Nov. 15, 1988), Licking App. No. CA–3351, unreported, 1988 WL 131764. An abuse of discretion connotes more than error of judgment or law; it implies that the trial court's attitude is unreasonable,. arbitrary or unconscionable. *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 173, 404 N.E.2d 144, 148.

In determining the appropriate resentence in a felony case, the trial court is required to consider the factors set forth in R.C. 2929.12. See *Columbus v. Bee* (1979), 67 Ohio App.2d 65, 21 O.O.3d 371, 425 N.E.2d 409.

R.C. 2929.12 states:

"(A) In determining the minimum term of imprisonment to be imposed for a felony for which an indefinite term of imprisonment is imposed, the court shall consider the risk that the offender will commit another crime and the need for protecting the public from the risk; the nature and circumstances of the offense; the victim impact statement prepared pursuant to section 2947.051 of the Revised Code, if a victim impact statement is required by that section; and the history, character, and condition of the offender and his need for correctional or rehabilitative treatment.

"(B) The following do not control the court's discretion, but shall be considered in favor of imposing a longer term of imprisonment for a felony for which an indefinite term of imprisonment is imposed:

"(1) The offender is a repeat or dangerous offender;

"(2) Regardless of whether the offender knew the age of the victim, the victim of the offense was sixty-five years of age or older, permanently and totally disabled, or less than eighteen years of age at the time of the commission of the offense;

"(3) The victim of the offense has suffered severe social, psychological, physical, or economic injury as a result of the offense.

"(C) The following do not control the court's discretion, but shall be considered in favor of imposing a shorter minimum term of imprisonment for a felony for which an indefinite term of imprisonment is imposed:

"(1) The offense neither caused nor threatened serious physical harm to persons or property, or the offender did not contemplate that it would do so;

"(2) *The offense was the result of circumstances unlikely to recur;*

"(3) The victim of the offense induced or facilitated it;

"(4) There are substantial grounds tending to excuse or justify the offense, though failing to establish a defense;

"(5) *The offender acted under strong provocation;*

"(6) *The offender has no history of prior delinquency or criminal activity, or has led a law-abiding life for a substantial time before commission of the present offense;*

"(7) *The offender is likely to respond quickly to correctional or rehabilitative treatment.*

"(D) The criteria listed in divisions (B) and (C) of this section do not limit the matters that may be considered in determining the minimum term of imprisonment to be imposed for a felony for which an indefinite term of imprisonment is imposed." (Emphasis added.)

Lawrence contends that the trial court abused its discretion when it resentenced him insofar as it did not consider the mitigating factors in R.C. 2929.12(C)(2), (5), (6) and (7). Lawrence points out that the Supreme Court of Ohio vacated his death sentence after finding that the aggravating circumstances did not outweigh the mitigating circumstances beyond a reasonable doubt. *State v. Lawrence, supra,* 44 Ohio St.3d at 27, 541 N.E.2d at 455. He contends that the victims provided strong provocation without which his actions may not have occurred and that he lacked substantial capacity to appreciate the criminality of his conduct. *Id.* at 32, 541 N.E.2d at 459. Appellant also refers to the high probability that he would respond to rehabilitation.

However, our review of the record indicates that the trial court considered the evidence presented during trial and at the sentencing upon remand and the relevant factors within R.C. 2929.12 before it resentenced Lawrence. The trial court did not impose the maximum sentence possible under R.C. 2929.06, which would have been thirty years to life on each of the murder counts, to run consecutively. See *State v. Yontz* (1986), 33 Ohio App.3d 342, 515 N.E.2d 1012, syllabus. The facts do not support a conclusion that the trial court abused its discretion in resentencing Lawrence.

Accordingly, the judgment of the trial court is affirmed.

*Judgment affirmed.*

KRUPANSKY, C.J., and JOHN F. CORRIGAN, J., concur.