OPINION
Jason Thoburn, defendant-appellant, appeals from the March 24, 1999 judgment of the Franklin County Court of Common Pleas accepting appellant's guilty plea to the offense of robbery, in violation of R.C. 2911.02, a second-degree felony.
On November 10, 1998, appellant was indicted on one count each of aggravated burglary, felonious assault, aggravated robbery, and robbery, as the result of a "home-invasion" in which appellant participated. On February 8, 1999, appellant, represented by counsel, agreed to plead guilty to the robbery count in exchange for a nolle prosequi on the remaining charges. Appellant signed an entry of guilty plea, and the trial court conducted a plea dialogue with appellant and appellant's counsel in open court pursuant to Crim.R. 11. Thereafter, the trial court accepted appellant's guilty plea and postponed sentencing for a future date. On March 19, 1999, the trial court held a sentencing hearing, and sentenced appellant to serve six years to run consecutively with his parole violation.
On June 10, 1999, we granted appellant's pro se motion for leave to file a delayed appeal. Thereafter, this court sustained appellant's motion for appointment of counsel, appointing the Franklin County Public Defender to represent appellant in his appeal. Counsel for appellant has filed anAnders brief, stating that he has found no reversible error. SeeAnders v. California (1967), 386 U.S. 738, 87 S.Ct. 1396. A copy of the brief was served upon appellant, who was informed of his right to accept, reject, or amend the brief in any way he chose. Thus, counsel for appellant has complied with the requirements ofAnders. Appellant has not filed a pro se brief presenting any further arguments. In the Anders brief, appellant has raised the following assignment of error:
ASSIGNMENT OF ERROR
 THE DEFENDANT'S GUILTY PLEA WAS NOT KNOWINGLY AND VOLUNTARILY ENTERED INTO AND THE SENTENCE IMPOSED WAS UNLAWFUL.
Counsel for appellant requests that this court conduct an independent review of the record to determine whether appellant's guilty plea was made and accepted in compliance with the standards set forth in Crim.R. 11, the Ohio Constitution, and the Constitution of the United States, and whether the sentence was lawfully imposed. The procedural requirements that a trial court must follow in order to accept a guilty plea consistent with the constitutional protections afforded a defendant are contained in Crim.R. 11(C), which states, in pertinent part:
 (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and:
 (a) Determining that he is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved, and, if applicable, that he is not eligible for probation.
 (b) Informing him of and determining that he understands the effect of his plea of guilty or no contest, and that the court upon acceptance of the plea may proceed with judgment and sentence.
 (c) Informing him and determining that he understands that by his plea he is waiving his rights to jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to require the state to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself.
A trial court must strictly comply with those provisions of Crim.R. 11(C) that relate to the waiver of constitutional rights, including the right to a trial by jury, the right to confront one's accusers, the privilege against self-incrimination, and the right to compulsory process of witnesses. See State v.Stewart (1977), 51 Ohio St.2d 86, 88-89; State v. Ballard (1981),66 Ohio St.2d 473, paragraph one of the syllabus; State v. Colbert
(1991), 71 Ohio App.3d 734, 737; see, also, Boykin v. Alabama
(1969), 395 U.S. 238, 243, 89 S.Ct. 1709, 1712. As to the nonconstitutional requirements of Crim.R. 11, only substantial compliance with Crim.R. 11(C) is required. Stewart, at 93; Statev. Nero (1990), 56 Ohio St.3d 106, 108; Colbert, at 737. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." Nero, at 108. Moreover, appellant must show that a failure to comply had a prejudicial effect. Id. The test is whether the plea would have otherwise been made. Id.
In this case, counsel for appellant concedes that the trial court appears to have advised appellant of his rights under Crim.R. 11, except for Crim.R. 11(C)(2)(b), which requires the court to inform the defendant that upon acceptance of the guilty plea, the court "may proceed with judgment and sentence." We have reviewed the record and find that the trial court complied with the requirements of Crim.R. 11 in accepting appellant's guilty plea, except for those provisions under Crim.R. 11(C)(2)(b) relating to the court's ability to proceed with judgment and sentence.
The entry of guilty plea form, which appellant signed, identified the charges at issue and stated that appellant had discussed the facts and law of the case with his counsel. The transcript of the plea dialogue reveals that the trial court personally informed the appellant of the maximum penalty for robbery. Thereafter, the trial court specifically informed the appellant of the constitutional rights he was waiving, including the right to a jury trial, the right to confront and challenge the state's witnesses, the right to subpoena witnesses, the right to have the state prove its case beyond a reasonable doubt, the right to remain silent, the right to a unanimous verdict, and the right to appeal a conviction. The trial court obtained affirmative responses from appellant that he understood these rights and that he understood that he waived these rights by pleading guilty.
Crim.R. 11(C)(2)(b) requires that a trial court inform a defendant and determine that he understands that the court upon acceptance of the plea may proceed immediately with judgment and sentence. Although the trial court did inform appellant that it was postponing the sentencing hearing for a future date, appellant is correct that the trial court did not technically announce that it could proceed immediately with judgment and sentence. The trial court's failure to specifically state that it could proceed immediately with judgment and sentence amounts only to the failure of the trial court to notify appellant about a nonconstitutional right. We have reviewed the totality of the circumstances and determined that appellant has not suffered any prejudice because the trial court substantially complied with Crim.R. 11(C)(2)(b).
Appellant, other than noting this technical omission, has presented this court with no rationale for reversal, no legal analysis, and no allegation of prejudice. In State v. Ellis (June 20, 1996), Franklin App. No. 95APA10-1399, unreported (1996 Opinions 2484), this court rejected the same argument because the record showed that the defendant was aware that the court could immediately proceed to sentencing. The court relied on the fact that the defendant was aware of the maximum penalty, that the prosecutor had recommended the maximum sentence, and that the court indicated at the conclusion of the plea hearing that it would be holding a sentencing hearing on a future date. Similarly, in the present case, the record shows that the trial court informed appellant of the maximum sentences and at the end of the proceeding put appellant on notice that the court would proceed to sentencing at a later date:
 THE COURT: All right, I will get a presentence investigation. Set sentencing for March 19th at 9:00 o'clock, Mr. Baker, if that is okay with your schedule.
Further, the transcript of the plea hearing also reveals that appellant clearly understood that the court could immediately proceed with judgment and sentencing, and, in fact, wished to proceed immediately with sentencing:
 MR. BAKER: Your Honor, my client would just as soon be sentenced today if the court —
 THE COURT: I really don't have enough information. I do have our prior record. I know you have been to the joint on something very similar to this and picked up another theft offense while you have been out. I do want to find out a little more about you.
In addition, the entry of guilty plea that appellant read and signed stated that he understood that, upon acceptance of the guilty plea, the court could proceed with judgment and sentence.
The totality of the circumstances indicate that appellant knew that the trial court, on acceptance of his guilty plea, could proceed with judgment and sentence. Also, appellant has not alleged any prejudicial impact stemming from the trial court's failure to use the technical language to inform appellant that it could proceed with judgment and sentence. See Ellis,supra; State v. Hoskins (June 16, 1998), Franklin App. No. 97APA10-1384, unreported (1998 Opinions 2187). Therefore, we find that the trial court substantially complied with Crim.R. 11(C)(2)(b) and that appellant's argument is without merit.
Appellant also asserts that there may have been potential error regarding the imposition of the sentence. Appellant requests that this court review the record to determine whether the trial court abused its discretion in imposing a six-year sentence under the sentencing standards pursuant to R.C.2929.12 and 2929.11; however, appellant presents no further argument on this issue and points out no specific deficiency.
"A trial court's discretion to impose a sentence within the statutory guidelines is very broad and an appellate court cannot hold that a trial court abused its discretion by imposing a severe sentence on a defendant where that sentence is imposed within the limits authorized by the applicable statute." State v.Carpenter (Mar. 12, 1991), Franklin App. No. 90AP-803, unreported (1991 Opinions 1032, 1034). In determining the sentence, the trial court is required to consider the factors set forth in the statutes, but the court has discretion in imposing imprisonment. An appellate court may not set aside the sentence if there is no clear showing that the trial court abused its discretion. State v.McCullough (July 27, 1999), Franklin App. No. 98AP-988, unreported (1999 Opinions 2337, 2339); State v. Epley (Aug. 25, 1998), Franklin App. No. 97APA11-1467, unreported (1998 Opinions 3028, 3031-3032), citing State v. Yontz (1986), 33 Ohio App.3d 342, 343. Further, "[a]n abuse of discretion connotes more than error of judgment or law; it implies that the trial court's attitude is unreasonable, arbitrary or unconscionable." State v. Lawrence
(1991), 74 Ohio App.3d 592, 594. Therefore, it is clear from the case law that a trial court has broad discretion, within the ambit of the statutes, in sentencing an offender.
On the felony sentencing worksheet, the trial court found that the victim of the crime suffered serious physical, psychological, and economic harm; appellant was on parole at the time of the offense and had committed six offenses while on parole; appellant had a history of criminal convictions and had already served a prison sentence; appellant failed to respond favorably in the past to probation or parole; appellant failed to acknowledge a pattern of drug or alcohol abuse; and appellant showed no genuine remorse. Thus, the court found the offense was serious and that recidivism was likely. Weighing the seriousness and recidivism factors, the trial court also found that a prison term was consistent with the purposes of R.C. 2929.11, and that appellant was not amenable to available community sanctions.
Further, the presentence investigation report reveals ample support for the trial court's findings on the felony-sentencing worksheet. Appellant was convicted of aggravated burglary/theft in 1992 and was sentenced to five to twenty-five years in prison. In that offense, appellant entered a home while the victims were sleeping and stole money and property. Appellant was paroled in May 1996, but was again convicted of theft three months later for stealing a camera from a Meijer store. While still on parole for the 1992 offense, he was convicted of five more offenses, including obstruction of business, theft, criminal damaging, and two criminal trespass offenses.
The presentence investigation also reveals that in October 1992, appellant was charged with three counts of theft, two counts of breaking and entering, and one count of unauthorized use of a vehicle. These offenses include appellant entering a church, "ransacking" it, and stealing electronic equipment. These charges were nolled, apparently in exchange for a guilty plea for the 1992 aggravated burglary/theft.
Further, the presentence investigation states that the victim in the present case suffered three broken bones in the right side of his face, with two plates permanently holding the bones together. He also suffered permanent nerve damage to the right side of his face. The victim also incurred medical costs of $1,200, property damage/loss of $600, loss of income of $1,600, and an insurance deductible of $1,200.
Absent some evidence of abuse of discretion, we must affirm the trial court's decision. The evidence of record shows no abuse of discretion, and, on the contrary, reveals overwhelming evidence to support the trial court's findings. We hold, therefore, that the decision of the trial court regarding imposition of the sentence was proper, and the trial court did not abuse its discretion.
Appellant also asserts that there were misrepresentations by his trial counsel with respect to sentencing, which were made off of the record, and that his plea was not knowingly, intelligently and voluntarily given because of such misrepresentations. After a review of the record as it currently exists, we find that appellant's claim is not well-taken. Appellant basically alleges a deficiency in his trial attorney's performance. However, the allegation that his attorney made a misrepresentation to him regarding sentencing is not supported by anything in the record. We have no way to review appellant's assertion without some factual basis included in the record. A petition for postconviction relief may be more appropriate. See State v. Cooperrider (1983), 4 Ohio St.3d 226,227-228; State v. Lewis (Jan. 30, 1997), Cuyahoga App. No. 70649, unreported.
For the foregoing reasons, appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BRYANT and DESHLER, JJ., concur.