McBENNETT, APPELLEE, *v.* PISKUR, APPELLANT.

[Cite as McBennett v. Piskur, 3 Ohio St. 2d 8.]

(No. 39183—Decided June 30, 1965.)

*Messrs. Levin & Levin* and *Mr. Arnold S. Levin,* for appellee.

*Mr. Robert H. Rice,* for appellant.

BROWN, J. The issue of fraud in the inducement is triable to the court. *Dice* v. *Akron, Canton & Youngstown Rd. Co.*, 155 Ohio St. 185.

The Court of Appeals for Lorain County, in deciding that the issue of fraud in the factum must be submitted to the jury, cited *Perry* v. *M. O'Neil & Co.*, 78 Ohio St. 200; *Flynn* v. *Sharon Steel Corp.*, 142 Ohio St. 145; *Meyer* v. *Meyer*, 153 Ohio St. 408; *Dice* v. *Akron, Canton & Youngstown Rd. Co., supra;* and *McCuskey* v. *Budnick*, 165 Ohio St. 533; stating that those cases "directly or inferentially" sustained its position.

*Perry* v. *M. O'Neil & Co., supra,* involved fraud in the factum and that issue was submitted to the jury under instructions but the case is not direct authority for the proposition that it must be submitted. *Flynn* v. *Sharon Steel Corp., supra,* involved fraud in the factum and syllabus paragraphs four and five indicate that the fraud issue may be submitted to the jury but its finding is not binding on the court. *Dice* v. *Akron, Canton & Youngstown Rd. Co., supra,* involved fraud in the inducement. *Meyer* v. *Meyer, supra,* is authority only for the proposition that fraud in the inducement is a chancery matter and in the ordinary case must be tried separately. In *McCuskey* v. *Budnick, supra,* fraud in factum was not pleaded and there was no evidence of such fraud. We agree that the cases are at most inferentially helpful in that they suggest that fraud in inducement is equity and fraud in factum is at law. *Flynn* v. *Sharon Steel Corp., supra,* seems directly contrary. In fact, in *Carpenter* v. *Pontius*, 119 Ohio App. 383, the Court of Appeals of the Fifth Appellate District, in deciding that a jury is not required to try the issue of fraud in the factum, relied on *Flynn* v. *Sharon Steel Corp.*, 142 Ohio St. 145, as dispositive.

Most of the federal and state courts make labored distinctions in release situations between fraud in the inducement and fraud in the factum and then recite that fraud in the inducement as to release validity is separately triable in chancery while fraud in the factum is not only triable without a preliminary chancery hearing but also that a jury trial is a matter of right. 45 American Jurisprudence, Release, Section 49 (July 1964-65 supplement, page 48). Nearly all cases and authorities examined agree that fraud

in the execution of a release is triable to a jury. *Union Pacific Ry. Co. v. Harris*, 158 U. S. 326, 39 L. Ed. 1003; *Pacific Mut. Life Ins. Co. of California v. Webb*, 157 F. 155, 13 Ann. Cas. 752; *Girard v. St. Louis Car Wheel Co.*, 123 Mo. 358, 27 S. W. 648, 25 L. R. A. 514, 45 Am. St. Rep. 556; *Clark v. Northern Pacific Ry. Co.*, 36 N. D. 503, 162 N. W. 406, L. R. A. 1917E 399; annotation, 43 A. L. R. 2d 786, 804 and 807. Ohio cases do not expressly hold that a jury may be demanded to try fraud in the execution and *Flynn v. Sharon Steel Corp.*, *supra*, is contrary to the great weight of authority and to the federal rule. See 43 A. L. R. 2d 790 *et seq.*

In view of the fact that it is often difficult to distinguish between fraud in inducement and fraud in the factum, it is apparent that cases in which facts are alleged which if true would make a release clearly void require no preliminary inquiry by the trial court, while other cases in which the allegations of fact are such that both fraud in the inducement and fraud in the execution are claimed require preliminary inquiry by the trial court, either *sua sponte* or upon motion, into the facts and circumstances of the alleged fraud. If that inquiry discloses that evidence of fraud was a matter of inducement only then the trial court may proceed to decide the validity or invalidity of the release and no jury question is presented. If the inquiry discloses some evidence of fraud in the factum but the trial judge is of the opinion that under all of the circumstances reasonable minds could not but agree that the plaintiff had failed to prove fraud in the execution of the release, the release should be declared valid as a matter of law. If the preliminary inquiry discloses evidence and circumstances upon which reasonable minds could under proper instructions come to different conclusions, the court would have the duty to submit only such evidence to the jury as related to fraud in the execution of the release as the trial for money damages progresses.

We agree with the author of a recent Law Review article, who says: "* * * where severence [of issues as to release validity and general liability] is possible, the trial judge should recognize that the jury is not really an appropriate judge of the policies involved in release cases." Dobbs, 41 N. C. Law Rev. 665, 741.

In considering the rulings of the trial and appellate courts in the instant case, we must conclude that *Flynn* v. *Sharon Steel Corp.*, *supra*, to the extent that it appears to hold the question of fraud in the factum to be a question for the court is disapproved. However, the trial court's procedure in making a preliminary inquiry into the fraud aspects of the release must be approved. It is good practice. In a case in which the claim of fraud in the execution is not bona fide, substantial, credible under all of the circumstances, such an inquiry eliminates the contamination of the evidence on the liability-damage issues by considerations of the presence in the case of the third party—the insurance liability company and eliminates the lengthy trial on the liability aspect where the release is valid.

The trial court's determination that there was no fraud in the instant case appears to be a proper determination upon which reasonable minds could not differ on the evidence adduced. The evidence shows that the release is a simple, clear instrument captioned "Agreement and Release." It recites that "In consideration of the promise of payment" to McBennett by Nationwide, McBennett releases Piskur "from all actions, claims, demands, damages, costs, loss of services, expenses, and all consequential damage on account of, or in any way growing out of, any and all known and unknown personal injuries resulting or to result from an accident which occurred on 13 day of Feb. 1960 at or near Lorain, Lorain County, Ohio."

All the foregoing, plus a statement that the claimant had read the release was in printed form except for the names of the claimant and Piskur, the date and the place of accident. In addition, the release blank in which Piskur's name is written has printed below the blank the word "Insured," thus appropriating this blank space for the insured's name. The release does not purport to release Nationwide. If it is not a release of Piskur it could not function as a release for anyone. The releasee agrees to pay all medical, dental, surgical, ambulance, hospital, professional nursing and prosthetic devices within one year of the accident up to $2,000 limit and $5 per day for 180 days after accident if continuously confined indoors due to the injury, under the care of a licensed physician. The release is dated February 26, 1960. McBennett testified he signed it on

about March 9, 1960. Testimony was that the release was prepared and left with McBennett on February 26th, that it was subsequently mailed to the company's agent and received on about March 9th and that subsequently in March, April and June three drafts of $645.85, $105 and $60 were drawn by Nationwide and cashed by plaintiff. Plaintiff admits reading the printed portions of the form which he had in his possession 12 days before voluntarily signing and returning it to the company. The form, as explained, is simple and understandable. As has been stated, "a person of ordinary mind cannot claim to have been misled into signing a paper which was different from what he intended to sign when he could have known the truth by merely looking when he signed." *Dice* v. *Akron, Canton & Youngstown Rd. Co., supra.* This plaintiff reading this simple form cannot have been misled. Had the matter been submitted to a jury and a verdict for the plaintiff resulted a judgment on the verdict would have had to be reversed.

For these reasons judgment of the Court of Appeals is reversed and that of the trial court is affirmed.

*Judgment reversed.*

TAFT, C. J., MATTHIAS, O'NEILL, HERBERT and SCHNEIDER, JJ., concur.

ZIMMERMAN, J., concurs in the judgment only.