Leedy et al., Appellees, *v.* Ellsworth Construction Co; et al., Appellant.

[Cite as Leedy v. Ellsworth Construction Co., 9 Ohio App. 2d 1.]

(No. 1060—Decided December 27, 1966.)

*Mr. James C. Riley,* for appellees.
*Mr. Elliott E. Meyers,* for appellant.

Gray, J. This is an appeal on questions of law from a judgment of the Common Pleas Court of Lawrence County.

The record developed the following facts: Plaintiffs were approached by several men who stated that they had selected

plaintiffs' home as a demonstration unit for the application of aluminum siding. The siding job would be free of charge to plaintiffs, and the work would be worth $2,200 when completed. Plaintiffs would be paid $50 for each job sold by defendant Ellsworth Construction Company in Lawrence County. The siding was installed, and no question has been raised by plaintiffs in regard to the quality of materials or workmanship. Plaintiffs were paid $50 for their job. Plaintiffs signed some papers which they thought were an application for a credit rating and a five year lease. Plaintiffs claim that they do not remember ever signing a note and mortgage. In truth and in fact plaintiffs signed a note and mortgage for $2,998.80, which mortgage was recorded. At the top of ''Exhibit C'' of defendant Delaware Valley the word ''mortgage'' appears in bold black type, and on the face of ''Exhibit B'' of defendant Delaware Valley there appears in bold black type the words ''cognovit note.''

Plaintiffs brought this suit to set aside the mortgage, to have this instrument declared null and void and cancelled of record.

Defendant Delaware Valley Financial Corporation filed an answer and cross-petition in which it set up the note and mortgage.

Other pleadings were filed to make up the issues.

Both plaintiffs admitted that the signatures to the note and mortgage were theirs, and the trial court found such to be a fact.

At the conclusion of the trial the court found that the signatures of plaintiffs were obtained to the note and mortgage by fraud; that the plaintiffs were negligent in failing to read the instruments before signing the same; that the defense of fraud would not be good against a ''holder in due course''; and that the defendant Delaware Valley Financial Corporation failed to prove by sufficient evidence that it paid value for the note and mortgage and therefore could not qualify as a ''holder in due course.'' The court cancelled the mortgage and quieted title to the premises described in the mortgage in the name of plaintiffs, and the cross-petition of defendant Delaware Valley was dismissed. The trial court overruled a motion for a new trial by this defendant.

Defendant Delaware Valley, feeling aggrieved thereby, filed its notice of appeal and assigned the following errors:

1. The finding and decision of the court was against the pleadings and the evidence.

2. The court erred in granting judgment for the plaintiff and against the defendant-appellant.

3. The court erred in refusing to find for the defendant-appellant.

4. The court erred in refusing to grant judgment for this defendant-appellant.

5. The court erred in overruling this appellant's motion for new trial.

6. Other errors of law occurring at the trial.

We think the trial court properly found that the signatures of plaintiffs were obtained by fraud and that the plaintiffs were negligent in failing to read the instruments before signing them. The facts above related should have put plaintiffs on their guard.

By adopting this tactic of attacking the validity of the mortgage only, plaintiffs evidently wished to avoid the full impact of the rights granted defendant Delaware Valley under Chapter 1303 of the Revised Code in regard to the commercial paper involved in this case.

Defendant Delaware Valley countered this thrust by filing an answer and cross-petition. In the latter it set up the note and mortgage. Other pleadings were filed to make up the issues.

We are dealing with two classes of contracts. One, the commercial paper, where the rights of the parties are governed by Chapter 1303 of the Revised Code, and two, the mortgage, where the rights of the parties in this instance are governed by the case law of Ohio.

These two points will be discussed in the above order.

We feel that the trial court committed prejudicial error in holding that defendant Delaware Valley failed to prove by sufficient evidence that it paid value for the note and therefore cannot qualify as a "holder in due course."

If plaintiffs were not negligent, fraud would be a defense, and since the trial court properly found plaintiffs were negligent it is not a defense. See: *Gross* v. *Ohio Savings & Trust*

*Co.,* 116 Ohio St. 230; *Perkins* v. *White,* 36 Ohio St. 530; *Winchell* v. *Crider,* 29 Ohio St. 480.

In this connection we wish to cite Section 1303.36 (B), Revisel Code, which reads as follows:

"When signatures are admitted or established, production of the instrument entitles a holder to recover on it unless the defendant establishes a defense."

The comment under this section is as follows:

"2. Division (B) is substituted for the first clause of the original Section 59 (NIL). Once signatures are proved or admitted, a holder makes out his case by mere production of the instrument, and is entitled to recover in the absence of any further evidence. The defendant has the burden of establishing any and all defenses, not only in the first instance but by a preponderance of the total evidence. * * *

"3. Division (C) rephrases the last clause of the first sentence of the original Section 59 (NIL). Until it is shown that a defense exists the issue as to whether the holder is a holder in due course does not arise. In the absence of a defense any holder is entitled to recover and there is no occasion to say that he is deemed prima facie to be a holder in due course. * * *"

The stage reached by the trial court in its proceedings was whether plaintiffs presented a defense to the note.

The "comments" were prepared by the National Conference of Commissioners on Uniform State Laws and the American Law Institute, and attention is directed to the full text of the "comment" under Section 1303.36, Revised Code.

We now come to consider point number two above. In *Dice* v. *Akron, Canton & Youngstown Rd. Co.,* 155 Ohio St. 185, the court had before it the question as to whether signatures to a release had been induced by fraud or mistake.

Taft, J., speaking for the court, said the following, on page 191:

"A person of ordinary mind cannot say that he was misled in signing a paper which was different from what he intended to sign when he could have known the truth by merely looking when he signed. *DeCamp* v. *Hanna, Exr., supra* [29 Ohio St. 467], 471, 472. If this were permitted, contracts would not be worth the paper on which they were written. If a person can read and is not prevented from reading what he signs, he

alone is responsible for his omission to read what he signs. * * *''

See *McBennett* v. *Piskur*, 3 Ohio St. 2d 8, 13.

Since the holder, defendant Delaware Valley, introduced the note and mortgage in evidence and since the signatures of plaintiffs were admitted, this defendant made out its case by the production of the note. The Supreme Court answered the question concerning the validity of the mortgage in *Dice, supra*. The Supreme Court having repeatedly held that litigants in such a situation, who are negligent, do not have a defense on the ground of fraud, we must hold that the trial court committed reversible error in the action it took.

Therefore, this cause is remanded to the trial court for further proceedings according to law.

*Judgment reversed.*

BROWN, P. J., and CARLISLE, J., concur.