## State v. Miller
### [Cite as 8 AOA 195]

*Case No. 734*
*Highland County, (4th)*
*Decided December 21, 1990*

*James D. Hapner, 127 N. High St., Hillsboro, Ohio, for Appellant.*

*Frederick F. Berry, 125 N. High St., Hillsboro, Ohio, for Appellee.*

ABELE, P.J.

This is an appeal from a Hillsboro Municipal Court judgment convicting appellant of disorderly conduct in violation of R.C. 2917.11(A)(1) and resisting arrest in violation of R.C. 2921.33(A)(1).

On May 13, 1989, the Highland County Sheriff's Department responded to a report that someone was breaking windows in a house. Upon arrival at the scene, the officers saw appellant in the area, chased him and eventually arrested him. Appellant was charged with two counts of criminal damaging, assault, disorderly conduct and resisting arrest.

Appellant was arraigned on May 15 and the trial was scheduled for June 7, 1989. On May 30, 1989, appellant filed a jury demand. The court rescheduled the trial for June 12, 1989. On June 8th or 9th the court rescheduled the trial to June 13, 1989, due to a conflict in the prosecutor's schedule. Appellant was held in jail continuously from his arrest until his trial.

At trial, at the close of the state's case, the state voluntarily dismissed one of the criminal damaging charges. The jury acquitted appellant of the other criminal damaging charge and the assault charge but found appellant guilty of disorderly conduct and resisting arrest. The court sentenced appellant to a total of 120 days in jail and fined him $1,000.00.

We reverse.

### ASSIGNMENT OF ERROR I.
"THE TRIAL COURT ERRED IN FAILING TO DISMISS THE CHARGES FOR FAILURE TO COMPLY WITH THE SPEEDY TRIAL STATUTE, R.C. 2945.71."

R.C. 2945.71(B) (2) states:

"(B)A person against whom a charge of misdemeanor, other than a minor misdemeanor, is pending in a court of record, shall be brought to trial:

"(2) Within ninety days after his arrest or the service of summons, if the offense charged is a misdemeanor of the first or second degree, or other misdemeanor for which the maximum penalty is imprisonment for more than sixty days."

R.C. 2945.71(E) states:

"(E) For purposes of computing time under divisions (A), (B), (C)(2), and (D) of this section, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days."

R.C. 2945.73(B) states in part:

"(B) Upon motion made at or prior to the commencement of trial, a person charged with an offense shall be discharged if he is not brought to trial within the time required by sections 2945.71 and 2945.72 of the Revised Code."

Appellant was arrested and placed in jail on May 13, 1989. Pursuant to the provisions of R.C. 2945.71(E) each day appellant was in jail counts as three days for speedy trial purposes. Therefore, beginning with May 13, the first day appellant was held in jail, the state had thirty

days to bring appellant to trial. The last day the state could try appellant was June 11, 1989.

The court erroneously calculated the time and scheduled the case on June 12, 1989. This error was compounded by rescheduling the trial for June 13, 1989. The court did not journalize the continuance from June 12 to June 13 and did not journalize the reason for the continuance. Therefore, the speedy trial limits were not extended. *State v. Benson* (1985), 29 Ohio App. 3d 321.

When appellant went to trial on June 13, he had been in jail for thirty-two days. We find the state violated appellant's right to a speedy trial and that the time was not extended pursuant to any of the provisions of R.C. 2945.72. Appellant's first assignment of error is sustained.

### *ASSIGNMENT OF ERROR II.*
"THE TRIAL COURT ERRED IN FAILING TO DISMISS CASE 89-CR-B-256, RESISTING ARREST, AT THE CONCLUSION OF STATE'S CASE."

### *ASSIGNMENT OF ERROR IV.*
"THE TRIAL COURT ERRED IN OVERRULING DEFENDANT'S RULE 29 MOTION MADE AFTER THE RETURN OF THE VERDICT."

R.C. 2921.33 states:

"(A) No person, recklessly or by force, shall resist or interfere with a *lawful arrest* of himself or another."

(Emphasis Added)

In *State v. Johnson* (1982), 6 Ohio App. 3d 56, the court found that when a charge was brought under R.C. 2921.33, the arrest must be lawful in order to convict.

R.C. 2925.03 defines a police officer's power to arrest without a warrant. As a general rule, a misdemeanor must be committed in the presence of a law enforcement officer or the offense must be one specifically listed in the statute before the officer may make a lawful warrantless arrest. See *Columbus v. Lenear* (1984), 16 Ohio App. 3d 466.

All of the evidence at trial was that the officers arrested appellant for a charge of criminal damaging which did not occur in the officer's presence. All of the other charges arose after the officers attempted to arrest appellant. The state presented no evidence to support a warrantless arrest of appellant.

In *State v. Bridgeman* (1978), 55 Ohio St. 2d 261, syllabus, the court held:

"Pursuant to Crim. R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proven beyond a reasonable doubt."

We find, therefore, that the officer had no basis to execute a warrantless arrest. As the arrest was unlawful, we find an essential element of the offense of resisting arrest is missing. The court should have granted appellant's motions for acquittal. We sustain appellant's second and fourth assignments of error.

### *ASSIGNMENT OF ERROR III.*
"THE TRIAL COURT ERRED IN ITS CHARGE TO THE JURY."

Appellant contends the court erred in its instructions concerning the offense of resisting arrest. In our review of the record we find appellant's only objection was to the court's failure to define "offense of violence." The remainder of the court's instructions were not objected to.

In *State v. Underwood* (1983), 3 Ohio St. 2d 12, the court stated in its syllabus:

"The failure to object to a jury instruction constitutes a waiver of any claim of error relative thereto, but for the error, the outcome of the trial clearly would have been otherwise."

The court instructed the jury on each of the elements of the offenses. It further instructed the jury that in order to convict appellant it must find appellant guilty of each element beyond a reasonable doubt. We have reviewed the record and do not find that "but for the error, the outcome of the trial clearly would have been otherwise." Appellant's third assignment of error is overruled.

Judgment reversed and appellant discharged.

GREY, J., concurs in judgment and opinion.

HARSHA, J., concurs in part and dissents in part.

HARSHA, J., concurring in part and dissenting in part.

I concur in the judgment sustaining appellant's second and fourth assignments of error, overruling appellant's third assignment of error, and reversing the trial court's judgment of conviction and sentence concerning the resisting arrest charge. However, I respectfully

dissent from the judgment and opinion sustaining appellant's first assignment of error and reversing the judgment of conviction and sentence with respect to the disorderly conduct charge.

Appellant's first assignment of error asserts that the trial court erred in failing to dismiss all of the criminal charges for failure to comply with the R.C. 2945.71 speedy trial time limits. On May 13, 1989, appellant was arrested and incarcerated. On May 26, 1989, the case was assigned for a bench trial on June 7, 1989. On May 30, 1989, appellant filed a demand for a jury trial. On June 1, 1989, the case was assigned for a jury trial on June 12, 1989. The trial court *sua sponte* continued the trial from June 12 to June 13, 1989. Appellant contends that pursuant to R.C. 2945.71(B) (2) and (E), he should have been brought to trial by June 12, 1989.

The trial court stated the following reasons for overruling appellant's motion to dismiss based on R.C. 2945.71:

"THE COURT. Well, the Court considering the Motion of the Defendant, finds the same not well taken specifically for the reason that the trial date was set for June 7, 1989, which was well within the time, and after that trial setting, the Defendant filed a Motion for a Jury Trial.

"MR. HAPNER. Your Honor, it was a Demand for Jury Trial.

"THE COURT. A Demand for Jury Trial, excuse me, and which necessitated the setting, the re-setting of the trial date, which was set without communicating with the Prosecutor as to his availability, and the Clerk, upon finding he was unavailable, continued it one (1) day. Also, the Court notes that if you count the hours, we are still within the thirty (30) day time period and for other matter of record, the Motion is denied."

The majority opinion does not address the two rationales relied upon by the trial court. Although I find no legal support for the trial court's "hour counting" theory, the trial court's main rationale addressed the delay occasioned by appellant's filing of a demand for jury trial. It has been held that where the defendant files a jury demand which necessitates the trial court's ruling, defendant's speedy trial time is tolled pursuant to R.C. 2945.72(E), since he occasioned the delay in his trial. *University Heights v. Dachman* (1984), 20 Ohio App. 3d 26; see, also, *Dayton v. Haddix* (June 12, 1986),

Mont. App. No. 9596, unreported; *State v. Roe* (March 25, 1987), Medina App. No. 1531, unreported. Therefore, since the delay of five days from June 7 until June 12, 1989 can be attributed to appellant's demand for a jury trial, those days would not be counted pursuant to R.C. 2945.72(E). Based upon the foregoing, appellant was properly brought to trial within the speedy trial time limits. Because his trial was timely, there is no need to address the reasonableness or propriety of the continuance. Therefore, appellant's first assignment of error should be overruled.

Additionally, I would note that appellant's arguments concerning his second and fourth assignments of error are directed only to the resisting arrest charge. Although the majority opinion notes that "[a]ll of the other charges arose after the officers attempted to arrest appellant," the disorderly conduct charge did not depend upon whether the arrest was unlawful. See, e.g. *Columbus v. Fraley* (1975), 41 Ohio St. 2d 173, paragraph three of the syllabus. Accordingly, the judgment of conviction and sentence with respect to the disorderly conduct charge should be affirmed. Hence, I respectfully dissent from that portion of the majority opinion which holds otherwise.