The STATE of Ohio, Appellee,

v.

THOMPSON, Appellant.

[Cite as *State v. Thompson* (1996), 116 Ohio App.3d 740.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–960222.

Decided Dec. 18, 1996.

*Fay D. DuPuis,* City Solicitor, *Terrence R. Cosgrove,* City Prosecutor, *Ernest F. McAdams, Jr.,* and *Michael J. Harmon,* Assistant City Prosecutors, for appellee.

*Louis F. Strigari,* Hamilton County Public Defender, and *Lura Clark Teass,* Assistant Public Defender, for appellant.

GORMAN, Presiding Judge.

■ Defendant-appellant Van Thompson appeals from his conviction, following a trial to the Hamilton County Municipal Court, for resisting arrest, in violation of R.C. 2921.33. Raising a single assignment of error, Thompson argues that the state failed to prove an essential element of the crime of resisting arrest, namely that there was a lawful basis on which to arrest him. Specifically, he argues that his conduct, in being found in front of his home holding a paper bag with a bottle inside it, and then refusing to accompany the police officer to his patrol car to "go through the motions" of a full custodial arrest, did not rise to the level of an arrestable offense. We agree.[1]

On October 3, 1995, Cincinnati Police Officer James Kelleher and another officer on routine patrol in their cruiser spotted Thompson standing on a public sidewalk holding a large bottle within a paper bag. Kelleher turned the patrol car around to investigate. Thompson retreated to a nearby house.

Kelleher followed Thompson. Looking through a porch window, he spotted Thompson inside. Two women invited Kelleher into the house and summoned Thompson, yelling, "Van, come on down here. The police are here." Thompson appeared, still holding the bag and bottle, which Kelleher identified as a bottle of beer.

Kelleher confronted Thompson about carrying an open container of alcohol. On direct examination at trial, Kelleher stated:

"What we wanted to do with him was take him out to the police car.

"My intention was not to arrest him at that point. * * * I wanted to run him through the computer. And I explained it to him at this point. I wanted to know who was on my beat and what type of people they were.

" * * *

"At that point after I said to him come out to the car; let's run you through the computer.

" * * *

"I said, come on, you need to come outside. Let's run you through. He kind of started to challenge me more or less saying why. Why do you want me to come out there?"

Kelleher continued on cross-examination:

"I mean, I could write him a ticket. Whether or not I want to depends if he comes outside and sits in the car and we go through the motions."

---

1. We have *sua sponte* removed this cause from the accelerated calendar.

Thompson resisted Kelleher's efforts to force him outside and to place him in handcuffs. Following a scuffle, Kelleher and his partner subdued Thompson. Thompson was charged with resisting arrest.[2] Following Kelleher's testimony and counsel's legal argument, the trial court found Thompson guilty and sentenced him as appears of record.

On appeal, Thompson argues that the conviction for resisting arrest was based upon insufficient evidence. To reverse a conviction on this basis, a reviewing court must be convinced, after viewing the evidence in a light most favorable to the prosecution, that "any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus; *Jackson v. Virginia* (1979), 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573–574.

The crime of resisting arrest includes, as an essential element, a lawful arrest. R.C. 2921.33(A); *Hoover v. Garfield Hts. Mun. Court* (C.A.6, 1986), 802 F.2d 168, 174, certiorari denied (1987), 480 U.S. 949, 107 S.Ct. 1610, 94 L.Ed.2d 796; *State v. Miller* (1990), 70 Ohio App.3d 727, 730, 591 N.E.2d 1355, 1357. In determining the lawfulness of an arrest, a court need not find that the elements of the underlying charge have been proven, but there must exist a "reasonable basis" for the arrest. *State v. Sansalone* (1991), 71 Ohio App.3d 284, 285–286, 593 N.E.2d 390, 391; *State v. Johnson* (1982), 6 Ohio App.3d 56, 6 OBR 268, 453 N.E.2d 1101.

The principle of law that governs our decision is found in R.C. 2935.26, which creates a substantive right to be free from arrest for the commission of a minor misdemeanor. *State v. Slatter* (1981), 66 Ohio St.2d 452, 20 O.O.3d 383, 423 N.E.2d 100, syllabus. A violation of R.C. 4301.62, for carrying an open container of beer, is punishable as a minor misdemeanor. Pursuant to R.C. 2935.26(A)(2), a police officer "shall not arrest the person [for a minor misdemeanor], but shall issue a citation, unless * * * [t]he offender cannot or will not offer satisfactory evidence of his identity."

Therefore, in this case, to show a lawful arrest, the state must prove not only that there was a reasonable basis to believe an offense was committed, but

---

2. We note that the state has appended to its appellate brief the citation for the open-container violation as well as an entry of conviction following a plea of no contest by Thompson to the charge. These items were not part of the record of the trial court and have not been certified to us pursuant to App.R. 9(A). A reviewing court cannot add matter to the record before it that was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter. *State v. Ishmail* (1978), 54 Ohio St.2d 402, 8 O.O.3d 405, 377 N.E.2d 500, paragraph one of the syllabus.

also that the offense was one for which the defendant could be lawfully arrested. *Garfield Hts. v. Simpson* (1992), 82 Ohio App.3d 286, 291, 611 N.E.2d 892, 895; *State v. Johnson, supra; State v. Kuehne* (Mar. 6, 1996), Hamilton App. No. C–940971, unreported, 1996 WL 97560.

At trial, there was no evidence that Thompson refused to sign a citation or to offer evidence of his identity; rather, the record makes clear that Thompson was simply not given the opportunity to sign a citation and that he was never asked for evidence of his identity. Kelleher testified that even prior to laying hands on Thompson, he intended to remove him from the house, place him in the patrol car, and run him through the computer: the attributes of a full custodial arrest. There was no evidence that Thompson could not or would not offer satisfactory evidence of his identity. See R.C. 2935.26(A)(2). Thompson's only statement prior to arrest was asking "more or less why."

Consequently, we hold that there was no evidence offered at trial sufficient to convince a reasonable police officer under similar circumstances that Thompson had committed an arrestable offense. The resisting-arrest conviction must be reversed. *State v. Jenks, supra,* paragraph two of the syllabus; *State v. Sansalone,* 71 Ohio App.3d at 286, 593 N.E.2d at 392; *State v. Johnson, supra; State v. Clay* (1988), 43 Ohio Misc.2d 5, 539 N.E.2d 1168.

The judgment of the trial court is reversed and defendant-appellant Van Thompson is discharged.

*Judgment reversed.*

PAINTER and SUNDERMANN, JJ., concur.