OPINION
Defendant-appellant, Dustin Snow, appeals from the judgment of the Clinton County Court of Common Pleas, Juvenile Division, finding him a delinquent child for committing acts which, if committed by an adult, would constitute assault and resisting arrest.
Patrolman Shane Nolley of the Sabina Police Department was on routine patrol around 2:00 a.m. on February 9, 2001 when he observed appellant walking on a sidewalk. Because appellant appeared to be a minor and the Village of Sabina has a curfew ordinance, Patrolman Nolley pulled alongside appellant to investigate. Patrolman Nolley asked appellant for his name and date of birth. Appellant gave his name and told the patrolman that his date of birth was in 1982. Based on the information appellant provided, Patrolman Nolley allowed appellant to leave.
Patrolman Nolley radioed to dispatch the information appellant had provided. Dispatch informed Patrolman Nolley that the year of appellant's actual birth date was 1984, making him a minor. Upon learning that appellant had provided him with false information, Patrolman Nolley again pulled his cruiser alongside appellant. Patrolman Nolley informed appellant that he would have to go to the police station to have his parents pick him up and take him home. Appellant stated that he was out walking because of "relationship problems," and would not go with Patrolman Nolley to the police station. Appellant informed Patrolman Nolley that he would run if Patrolman Nolley "tried to get him" and then proceeded to walk away.
Patrolman Nolley exited his cruiser and walked after appellant. Patrolman Nolley grabbed appellant by the arm and proceeded to escort him back to the cruiser. Another vehicle pulled over at the scene before Patrolman Nolley and appellant had reached the cruiser. Three of appellant's friends, Emily McLees, Jeanie Mitchell and Jackson Creamer, exited the vehicle. Patrolman Nolley became distracted and momentarily diverted his attention from appellant. At that time, Patrolman Nolley felt a sharp pain in his knee and he fell to the ground. Despite several attempts, Patrolman Nolley could not stand upright. Appellant started toward Patrolman Nolley, but Creamer grabbed onto appellant to calm him and prevent him from leaving the scene. After receiving assurances that he would stay, Creamer released his hold on appellant. Appellant immediately ran from the scene.
A three-count complaint was filed against appellant. Count I alleged that appellant resisted arrest; Count II alleged that appellant assaulted Patrolman Nolley; and Count III alleged appellant violated the curfew ordinance of the Village of Sabina. After an adjudicatory hearing, the trial court found appellant to be a delinquent child for committing acts which, if committed by an adult, would constitute assault and resisting arrest. The trial court dismissed Count III of the complaint and subsequently made an order of disposition.
Appellant appeals the decision of the trial court and raises three assignments of error for review.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED IN FINDING THAT THE JUVENILE HAD BEEN LAWFULLY ARRESTED FOR A MINOR MISDEMEANOR.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED IN FINDING THAT THE JUVENILE HAD COMMITTED A VIOLATION OF R.C. 2921.33 (RESISTING ARREST).
Assignment of Error No. 3:
 THE TRIAL COURT ERRED IN FINDING THAT THE JUVENILE HAD COMMITTED A VIOLATION OF R.C. 2903.13 (ASSAULT).
Appellant's assignments of error separately challenge the trial court's findings that he committed acts which, if committed by an adult, would constitute assault and resisting arrest. Appellant's assignments of error are tangential to the real issue that appellant attempts to raise in the case.
This is a juvenile case, not a criminal case. Juvenile court is not criminal in nature, but "is an administrative police regulation of a coercive nature." In re Good (1997), 118 Ohio App.3d 371, 375. The purpose of the juvenile proceeding alleging delinquency is to determine whether the child is in fact delinquent. See id. A child is delinquent if the child "violates any law of this state or the United States, or any ordinance or regulation of a political subdivision of the state, that would be a crime if committed by an adult * * *." R.C. 2151.03(A). (Emphasis added.) Therefore, a trial court's adjudication of delinquency may be premised on a single violation of any law or statute even one that is not indicated in the original complaint. See In Re Burgess
(1984), 13 Ohio App.3d 374, 375. In many cases, the dispositional alternatives available to the trial court upon an adjudication of delinquency may be ordered without reference to the specific violated law or statute. See id.; R.C. 2151.355.
Therefore, although appellant challenges the trial court's findings with regard to the offenses of resisting arrest and assault, it appears appellant is actually challenging the trial court's adjudication of delinquency on either basis. With this background in mind, we now turn to address appellant's assignments of error.
In his first and second assignments of error, appellant argues that the trial court erred by finding that he committed acts that constitute resisting arrest. Appellant's argument is premised on the fact that a violation of the curfew ordinance of the Village of Sabina is a minor misdemeanor. Further, the ordinance does not specifically permit an officer to arrest a violator. Appellant also maintains that the state presented insufficient evidence for the trial court to conclude that he resisted arrest.
In order to adjudicate a juvenile to be delinquent, the trial court must find beyond a reasonable doubt that the child violated a law, ordinance or regulation that would be a crime if committed by an adult. R.C. 2151.35(A); Juv.R. 29(E)(4). As in criminal cases, the state has the burden of producing sufficient evidence from which a reasonable trier of fact could find beyond a reasonable doubt that the child committed the "crime." See, e.g., In Re McCoy (2000), 138 Ohio App. 774, 777-78. Thus, an appellate court's function when reviewing the sufficiency of the evidence "is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." Id. at 778, quotingState v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. After viewing the evidence in a light most favorable to the prosecution, the relevant inquiry is whether any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Id.
The offense of resisting arrest is committed by recklessly or forcefully resisting or interfering with a lawful arrest. R.C. 2921.363(A). Resisting arrest includes, as an essential element of the offense, an underlying lawful arrest. State v. Thompson (1996),116 Ohio App.3d 740, 743. In order for an arrest to be lawful, there must exist a "reasonable basis" for the arrest. Id. Generally, an arrest is "lawful" if the surrounding circumstances would give a reasonable police officer cause to believe that an offense has been or is being committed. State v. Sansalone (1991), 71 Ohio App.3d 284, 285. However, it is not necessary for the state to prove that the defendant was in fact guilty of the offense for which the arrest was made to uphold a conviction for resisting arrest. Id.; Thompson at 743.
None of the parties dispute that the curfew ordinance of the Village of Sabina, as it is currently written,[1] does not authorize the arrest of violators. Since it is a minor misdemeanor for which an arrest is not authorized, persons have a substantive right under Ohio law to be free from arrest for violating the ordinance. See R.C. 2935.26; Thompson at 743. Thus, we must determine if the circumstances were such that Patrolman Nolley had an otherwise reasonable basis to arrest appellant.
Obstructing official business is prohibited by R.C. 2921.31-(A), which provides:
 No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties.
Although simply refusing to provide one's information to a police officer may not constitute obstruction of official business, when one takes overt acts to impede or obstruct the officer's investigation or business, one may be arrested for obstructing official business. SeeState v. Collins (1993), 88 Ohio App.3d 291, 293-294, overruled in part on other grounds, State v. Tolliver (Dec. 13, 1996), Montgomery App. No. 15184, unreported; State v. Merz (July 31, 2000), Butler App. No. CA 97-05-108, unreported. An individual may also be arrested for obstructing official business by walking away from an officer attempting to issue a citation for a non-arrestable minor misdemeanor. State v.Davis (2000), 140 Ohio App.3d 751, 752.
In this case, Patrolman Nolley testified that he requested appellant's name and birth date when he suspected appellant was violating the curfew ordinance. When Patrolman Nolley learned that appellant had given him the wrong birth date, he pulled alongside appellant. At this point, appellant had already obstructed the patrolman's duties by giving false information in an effort to impede the patrolman's duty to enforce the ordinance. Patrolman Nolley testified further that he asked appellant to get into the cruiser so that he could be transported to the police station. Patrolman Nolley stated that his intention was to fill out the appropriate paperwork for the violation and have appellant's parents take him home. Nonetheless, appellant refused to cooperate and walked away. Under the totality of the circumstances, Patrolman Nolley had a reasonable basis to arrest appellant for obstructing official business.
Since Patrolman Nolley could lawfully arrest appellant for obstructing official business, appellant was not privileged to recklessly or forcefully resist or interfere with the lawful arrest. Yet, Patrolman Nolley testified that appellant did forcefully resist the arrest and fled the scene. After reviewing the evidence presented in the light most favorable to the prosecution, we conclude that any rational trier of fact could find that the elements of resisting arrest were proven beyond a reasonable doubt. Appellant's first and second assignments of error are overruled.
In his third assignment of error, appellant argues that the trial court erred by finding that he committed acts that constitute assault. Appellant maintains that the state presented insufficient evidence for the trial court to conclude that he assaulted Patrolman Nolley. In addition, appellant asserts that the trial court's finding that he committed the assault is against the manifest weight of the evidence.
The offense of assault is committed by knowingly causing physical harm to another. R.C. 2903.13(A). A person acts knowingly when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. R.C. 2901.22-(B).
Patrolman Nolley testified that he was kicked in the knee by appellant. Although he did not see appellant actually kick him, he was alone with appellant at the time he felt a sharp pain in his knee. Patrolman Nolley's attention had been distracted from appellant when a vehicle containing three of appellant's friends stopped at the scene. Patrolman Nolley testified that there were no unusual conditions in the terrain that would have caused him to suddenly loose his footing, and that he did not have any pre-existing injury to his knee.
Jackson Creamer also testified on behalf of the state. Creamer observed appellant move his leg backward in a kicking motion moments before the patrolman fell to the ground. Although Creamer did not see appellant's foot strike Patrolman Nolley's knee, the motions he witnessed were consistent with a kick.
Viewing the evidence in the light most favorable to the prosecution, we find that the state introduced ample evidence from which a trier of fact could reasonably conclude that appellant knowingly assaulted Patrolman Nolley by kicking him in the knee.
A reviewing court will not reverse a judgment as against the manifest weight of the evidence in a juvenile delinquency adjudicatory hearing where the trial court could reasonably conclude from substantial evidence that the state has proved the offense beyond a reasonable doubt. See,e.g., In re Stallworth (May 29, 2001), Butler App. Nos. CA2000-10-204, CA2000-11-216, unreported. The standard for reversal for manifest weight of the evidence has been summarized as follows:
 The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.
 State v. Thompkins (1997), 78 Ohio St.3d 380, 387, quoting State v.Martin (1983), 20 Ohio App.3d 172. In making this analysis, the reviewing court must be mindful that the original trier of fact was in the best position to judge the credibility of witnesses and the weight to be given the evidence. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
In contrast to the state's evidence, Emily McLees and Jeanie Mitchell testified that Patrolman Nolley tackled appellant and, in the course of doing so, injured his knee. Appellant also argues that Patrolman Nolley and Creamer described the alleged kicking differently at trial.
After reviewing the entire record, we cannot conclude that the trial court lost its way in concluding that appellant assaulted Patrolman Nolley. We are mindful that the trial court was in the best position to judge the credibility of witnesses and determine the weight to be given the evidence. The trial court specifically noted the probable bias in the testimony given by McLees and Mitchell, and weighed their testimony accordingly. The trial court found that the testimony of Creamer and Patrolman Nolley was the most logical explanation of the events. We agree with the trial court's resolution of the testimony and conclude that its finding is not against the manifest weight of the evidence. Appellant's third assignment of error is overruled.
We conclude that the trial court did not err by finding that appellant committed acts which, if committed by an adult, would constitute assault and resisting arrest. Either violation would have been sufficient to adjudicate appellant as delinquent. Accordingly, the trial court did not err by adjudicating appellant to be delinquent. Judgment affirmed.
YOUNG, P.J., and VALEN, J., concur.
[1] Village of Sabina Ordinance 587 provides, in relevant part:
 SECTION II. It shall be unlawful for any minor to loiter in or upon any public place or business between the hours of 10:00 p.m. and 6:00 a.m. on all days of the week.
* * *
 SECTION VI. Any police officer who finds a minor in violation of any of the provisions of Sections I through VI shall obtain from the minor his name, address, age and the names of his parents. The minor shall thereupon be instructed to proceed to his home forthwith. A written notice shall be mailed by the chief of police of the village to the parents of the minor advising of the violations of these provisions.
 SECTION VII. Any person violating any of the provisions of Section II, III, or V shall be guilty of a minor misdemeanor and shall be fined not more than $100.00.