DECISION AND JUDGMENT ENTRY
This is an appeal from the judgment of the Jackson County Municipal Court which denied Defendant-Appellant David D. Johnson's motion for discharge for delay in which he argued that the trial court violated his right to a speedy trial. Appellant argues that the trial court erred in denying his motion. We agree and reverse the decision of the trial court.
I. The Proceedings Below
On November 24, 1999, Defendant-Appellant David D. Johnson was arrested and charged with operation of a motor vehicle while under the influence of alcohol (OMVI), a violation of R.C. 4511.19(A)(1). Appellant was also charged with driving with a suspended license, a violation of R.C.4507.02(B), and failing to drive within marked lanes, a violation of R.C. 4511.33.
Shortly thereafter, appellant was arraigned on these charges in the Jackson County Municipal Court.
On October 30, 2000, after multiple continuances and hearings, appellant filed a motion for discharge for delay, alleging a violation of the Ohio speedy-trial statute, R.C. 2945.73(B).
On December 14, 2000, the trial court issued its entry denying appellant's motion for discharge and stated the following:
 Although * * * some may find the [three hundred sixteen] days it has taken to rule on this motion as unreasonable, this court finds the time is not unreasonable. During this time [appellant] agreed to two * * * pretrial [conferences], requested continuances, the Judge died, a substitute judge was used for a hearing that additional time was needed to complete, a new judge was appointed and time was needed for her to become aware of all the actions. The actual motion to suppress was decided within one month of the final hearing.
After an additional continuance, the case finally made its way to trial on February 16, 2001.
Shortly thereafter, appellant entered a plea of no contest to OMVI and the remaining charges were dismissed.
II. The Appeal
Appellant timely filed an appeal with this Court, assigning the following error for our review.
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT IN DENYING HIS MOTION FOR DISCHARGE FOR DELAY IN TRIAL BASED UPON THE FAILURE OF THE STATE TO BRING HIM TO TRIAL WITHIN THE TIME LIMIT SET FORTH IN OHIO REVISED CODE SECTION 2945.71 ET SEQ.
The procedural posture of this case is complicated by the fact that the original trial judge in this matter died during the course of the proceedings. Consequently, an interim judge filled in until a judge was permanently assigned to fill the vacancy.
However, a detailed recounting of the myriad filings and appearances is unnecessary as both parties agree that the time between appellant being arrested and when he was brought to trial, including that time attributable to appellant, was beyond the statutory limit — although they disagree as to precisely what that amount of time was. Thus, the sole issue that we must resolve is whether the trial court properly extended the trial beyond the statutory limit.
Appellate review of speedy-trial issues generally involves mixed questions of law and fact. Accordingly, "[w]e, as a reviewing court, accept the facts as found by the trial court on some competent, credible evidence, but freely review application of the law to the facts." Statev. Hiatt (1997), 120 Ohio App.3d 247, 261, 697 N.E.2d 1025, 1035; seeState v. Howard (Mar. 4, 1994), Scioto App. No. 93CA2136, unreported.
The right to a speedy trial is guaranteed by the United States and Ohio constitutions. See State v. Adams (1989), 43 Ohio St.3d 67,538 N.E.2d 1025. The Ohio Revised Code has codified these principles. See, e.g.,State v. Mays (1996), 108 Ohio App.3d 598, 671 N.E.2d 553 (holding that the Ohio statutory speedy-trial provisions are coextensive with the constitutional speedy-trial provisions); see, e.g., State v. Hiatt,120 Ohio App.3d at 261, 697 N.E.2d at 1035 (explaining that "[t]he statutory speedy trial provisions constitute a rational effort to enforce the constitutional right to a speedy trial * * *").
"The speedy trial provisions of the Ohio statutes must be strictly construed against the [S]tate." State v. Taylor (Oct. 5, 2001), Lucas App. No. L-98-1375, unreported; see Village of Ottawa Hills v. Afjeh (June 23, 2000), Lucas App. No. L-99-1074, unreported.
R.C. 2945.71(B) provides, in pertinent part, that "a person against whom a charge of misdemeanor * * * is pending * * * shall be brought to trial * * * [w]ithin ninety days after his arrest or the service of summons * * *." R.C. 2945.71(B).
"An accused presents a prima facie case for discharge based upon a violation of speedy-trial limitations by charging in a motion to dismiss that he or she was held solely on the pending charge and for a time exceeding the R.C. 2945.71 time limits." State v. Hiatt,120 Ohio App.3d at 261, 697 N.E.2d at 1035; see State v. Butcher (1986), 27 Ohio St.3d 28,500 N.E.2d 1368. The burden then shifts to the state to show that the R.C. 2945.71 limits were not exceeded by demonstrating that the time limit was properly extended pursuant to R.C. 2945.72. See Butcher,supra.
R.C. 2945.72 provides several exceptions to the ninety-day rule which serve to toll the time for purposes of calculating speedy-trial time. In the instant case, one such exception is at issue: "the period of any reasonable continuance granted other than upon the accused's own motion." R.C. 2945.72(H).
Here, the delay at issue was not the result of a request by either party. Rather, it was done by the trial court.
The Supreme Court of Ohio has held that when a trial court sua sponte
continues a trial beyond the statutory speedy-trial time limit, the courtmust enter an order of continuance and journalize its reasons for entering such an order before the expiration of the time limit. See Statev. King (1994), 70 Ohio St.3d 158, 637 N.E.2d 903. Having done that, the court's stated reason must still be reasonable. See Cleveland v. Jones
(1996), 110 Ohio App.3d 791, 675 N.E.2d 498; accord State v. Daugherty
(1996), 110 Ohio App.3d 103, 673 N.E.2d 664.
In the present case, the trial court never issued a sua sponte order for continuance. While it stated in its December 14, 2000 judgment entry that "the [three hundred sixteen] day" delay was due to the death of the original trial judge, the trial court did not issue a sua sponte order for continuance on this or any other basis.
 It is axiomatic that "[i]n Ohio a court speaks through its journal." At a minimum, the trial court was required to enter the order of continuance and the reason therefor by journal entry prior to the expiration of the time limit prescribed in R.C. 2945.71
for bringing a defendant to trial. Because this was not done, the trial court erred in overruling [the] motion to dismiss.
State v. King, 70 Ohio St.3d at 162, 637 N.E.2d at 906, quoting State exrel. Worcester v. Donnellon (1990), 49 Ohio St.3d 117, 118,551 N.E.2d 183, 184.
Accordingly, whatever time was attributable to the complications caused by the death of the original trial judge did not extend the time for speedy-trial purposes, because the lower court did not enter an order or journalize its reasoning prior to the expiration of the time limit. SeeState v. Miller (1990), 70 Ohio App.3d 727, 591 N.E.2d 1355 (holding that speedy-trial limits were not extended because the trial court failed to journalize a continuance of trial or the reason for the continuance); accord State v. Ball (1990), 66 Ohio App.3d 224, 583 N.E.2d 1094; Statev. Benson (1985), 29 Ohio App.3d 321, 505 N.E.2d 987 (finding that un-journalized continuances do not extend time for speedy-trial purposes).
III. The Conclusion
Accordingly, we sustain appellant's assignment of error, reverse his conviction, and remand with instructions for the trial court to discharge appellant.
JUDGMENT REVERSED AND REMANDED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED, and the cause remanded to the trial court for further proceedings consistent with this opinion, costs herein taxed to appellee.
This Court finds that there were reasonable grounds for this appeal.
It is further ordered that a special mandate issue out of this Court directing the Jackson County Municipal Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J., and Kline, J.: Concur in Judgment Only.