[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
{¶ 2} Defendant-appellant Norman Tchorz presents on appeal a single assignment of error in which he contends that the Hamilton County Municipal Court erred in denying his postsentence motion to withdraw his no-contest plea. This challenge is untenable.
{¶ 3} Tchorz was charged in February of 2001 with violating a temporary protection order ("TPO") and resisting arrest. In May of 2001, in exchange for the dismissal of the TPO-violation charge, Tchorz entered, and was convicted upon, a plea of no contest to resisting arrest. He took no direct appeal.
{¶ 4} Instead, seven months later, Tchorz moved to withdraw his plea of no contest. Tchorz essentially argued that he was denied the effective assistance of counsel when his trial attorney had counseled him to enter a no-contest plea to a charge of resisting what, he alleged, was an illegal arrest. He attached to the motion his own affidavit, in which he averred that he had not been timely served with the ex parte TPO, that he had no actual notice its issuance, and that he "[had] not resist[ed]." He also offered documentary evidence that confirmed that he had not, consistent with R.C. 3113.31, been served with the TPO in a timely manner. The municipal court denied the motion to withdraw the plea, and Tchorz appealed.
 {¶ 5} Crim.R. 32.1 governs our review of the denial of Tchorz's motion.[1] The rule provides as follows:
 {¶ 6} A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.
 {¶ 7} Thus, a postsentence motion to withdraw a guilty or no-contest plea may be granted only upon a showing of "manifest injustice." The burden of establishing "manifest injustice" is on the defendant.[2] The determination of whether the defendant has sustained his burden is committed to the sound discretion of the trial court and will not be disturbed on appeal in the absence of some demonstration that the court abused its discretion.[3]
{¶ 8} R.C. 2931.33(A) proscribes the offense of resisting arrest in relevant part as follows: "No person, recklessly * * *, shall resist * * * a lawful arrest of himself * * *." Thus, a conviction for resisting arrest must be predicated upon proof that the accused resisted a "lawful arrest" for another offense.[4]
{¶ 9} R.C. 2919.27(A)(1) provides that "[n]o person shall recklessly violate the terms of * * * [a] protection order issued * * * pursuant to section * * * 3113.31 of the Revised Code." The record confirms that the TPO was issued ex parte and was not properly served upon Tchorz, and that he had no actual notice of it. Therefore, had Tchorz been convicted upon a no-contest plea to violating the TPO, a motion to withdraw the plea would, upon this record, have been well taken, as he could not have been convicted of violating the TPO.
{¶ 10} But Tchorz was convicted of resisting arrest only. And the determination of whether an arrest was "lawful" for purposes of R.C. 2931.33 does not turn upon proof that the defendant was in fact guilty of the offense for which the arrest was made.[5]
{¶ 11} R.C. 2935.03(B)(3) permits a police officer to effect a warrantless arrest for the offense of violating a protection order in contravention of R.C. 2919.17, if, "based upon [his] own knowledge and observation of the facts and circumstances of the alleged incident * * * or based upon any other information, * * * [the officer] concludes that there are reasonable grounds to believe that * * * the offense of violating a protection order has been committed and reasonable cause to believe that the person in question is guilty of committing the offense."
{¶ 12} The TPO issued against Tchorz had been journalized two days before his arrest. It ordered him to stay 100 feet away from household members and to refrain from entering any place where they might be found. Tchorz admitted in his affidavit that, on the day in question, he, his wife, and his daughter had been present at what was, by the terms of the TPO, his wife's residence. The assistant prosecutor, in his recitation of the facts at the hearing on the no-contest plea, stated that the arresting officers had arrived at the residence in response to "a 911 call," that Tchorz had "refused to come out of [the] garage," and that Tchorz, "when approached by the officers[,] [had] resisted arrest numerous times" and to such an extent that the arresting officers had been compelled to subdue him with Mace.
{¶ 13} The record thus provided a basis upon which the municipal court could have concluded that Tchorz had resisted the arresting officers in their attempt to effect a "lawful arrest." Accordingly, Tchorz's trial counsel cannot be said to have violated a substantial duty to him in counseling him to enter a no-contest plea to the charge of resisting arrest.[6] We can only concur with the municipal court in its conclusion, implicit in its denial of the motion to withdraw the plea, that Tchorz had failed to sustain his burden of demonstrating that the withdrawal of his plea was necessary to correct a manifest injustice. Accordingly, we hold that the court, in denying the motion, did not abuse its discretion. We overrule the sole assignment of error and affirm the judgment of the court below.
{¶ 14} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Gorman and Sundermann, JJ.
[1] See State v. Bush, 96 Ohio St.3d 235, 2002-Ohio-3993, 773 N.E.2d 522, syllabus.
[2] See State v. Smith (1977), 49 Ohio St.2d 261, 361 N.E.2d 1324, paragraph one of the syllabus.
[3] See id., paragraph two of the syllabus.
[4] See State v. Karle, 144 Ohio App.3d 125, 759 N.E.2d 815.
[5] See State v. Thompson, 116 Ohio App.3d 740, 689 N.E.2d 86.
[6] See Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052;State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373.