[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App. R. 11.1(E) and Loc. R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct. R.Rep.Op. 3(A).
 {¶ 2} Defendant-appellant, Ernest Gregory, appeals his adjudication as a sexual predator pursuant to R.C. Chapter 2950. Gregory's counsel asserts a single assignment of error on Gregory's behalf. He argues that the evidence was insufficient to support the adjudication. He also argues that the adjudication was against the manifest weight of the evidence. Proceedings under R.C. Chapter 2950 are remedial and civil. State v. Cook, 83 Ohio St.3d 404, 1998-Ohio-291,700 N.E.2d 570; State v. Lance (Feb. 13, 1998), 1st Dist. Nos. C-970301, C-970282 and C-970283, affirmed in 84 Ohio St.3d 17, 1998-Ohio-306,701 N.E.2d 692. In a civil proceeding, courts do not recognize qualitative and quantitative distinctions between weight and sufficiency of the evidence. Therefore, we consider Gregory's sufficiency and weight claims together. State v. Hunter (2001), 144 Ohio App.3d 116,759 N.E.2d 809.
 {¶ 3} The record shows that, in 1981, Gregory was convicted of two counts of rape of a person under thirteen years of age pursuant to R.C. 2907.02. While he did not prey upon multiple victims, he did demonstrate a clear pattern of abuse. He repeatedly raped his pre-teen daughter over a period of two years. He beat her before and during the offenses, and threatened to kill her if she told anyone about the rapes. The egregious nature of the underlying sexually-oriented offenses involving his own daughter, while not the sole deciding factor, carries significant weight and supports the conclusion that Gregory is a pedophile. Pedophiles are a class of offenders with a particularly high rate of recidivism. See Statev. Eppinger, 91 Ohio St.3d 158, 2001-Ohio-247, 743 N.E.2d 881; State v.Brooks (June 26, 2001), 1st Dist. No. C-000643.
 {¶ 4} Though Gregory had engaged in some rehabilitative efforts while in prison, he was still classified as a "medium-low risk" to reoffend. The report of the counseling program stated that he minimized his actions in the underlying offenses. Further, he refused to participate in a psychological evaluation the court had ordered in preparation for his sexual-predator hearing. Compare State v. Wilkinson, 1st Dist. No. C-010229, 2002-Ohio-1032; State v. Hinton, 1st Dist. No. C-010046, 2001-Ohio-4026; State v. Bass (May 12, 2000), 1st Dist. No. C-990529.
 {¶ 5} After reviewing the record we hold that the trial court had sufficient evidence before it to produce firm belief or conviction that Gregory is likely to commit another sexual offense. Consequently, clear and convincing evidence supported the trial court's judgment that Gregory is a sexual predator. See R.C. 2950.09(B)(3); State v. Cook,83 Ohio St.3d 404, 1998-Ohio-291, 700 N.E.2d 570. We, therefore, overrule counsel's assignment of error.
 {¶ 6} Gregory also raises four pro se assignments of error in a supplemental brief. In his first pro se assignment of error, he contends that the trial court erred in ordering him to wear a stun belt and handcuffs during his sexual-predator hearing. Gregory did not raise the issue at the hearing and the record contains no reference at all to him wearing those items. This court cannot decide an appeal on the basis of matters outside the record on appeal. State v. Ishmail (1978),54 Ohio St.2d 402, 377 N.E.2d 500; State v. Thompson (1996),116 Ohio App.3d 740, 689 N.E.2d 86. Since the record fails to demonstrate the alleged error, we have no choice but to presume the regularity of the trial court's proceedings. Rose Chevrolet, Inc. v. Adams (1988),36 Ohio St.3d 17, 520 N.E.2d 564. Accordingly, we overrule Gregory's first pro se assignment of error.
 {¶ 7} In his second pro se assignment of error, Gregory contends that the trial court erred in finding that clear and convincing evidence supported his adjudication as a sexual predator. Since we have already rejected that argument under counsel's assignment of error, we overrule this assignment of error.
 {¶ 8} In his third pro se assignment of error, Gregory contends that he was denied effective assistance of counsel during the sexual-predator hearing. Gregory has not demonstrated that his counsel's representation fell below an objective standard of reasonableness, or that, but for counsel's unprofessional errors, the results of the proceedings would have been different. Consequently, he has failed to demonstrate ineffective assistance of counsel, and we overrule his third assignment of error. Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052; State v. Hamblin (1988), 37 Ohio St.3d 153, 524 N.E.2d 476;State v. Slatton, 12th Dist. No. CA2000-03-051, 2001-Ohio-4218; State v.Whorton (Aug. 21, 1998), 1st Dist. No. C-970901.
 {¶ 9} In his fourth pro se assignment of error, Gregory contends that his adjudication violates the Ex Post Facto Clause of the United States Constitution and the prohibition against retroactive laws in the Ohio constitution. Both the Ohio Supreme Court and this court have specifically rejected these arguments and have found Ohio's sexual-predator statutes to be constitutional. Cook, supra; Lance, supra. Accordingly, we overrule Gregory's fourth assignment of error and affirm the trial court's judgment.
 {¶ 10} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App. R. 27. Costs shall be taxed under App. R. 24.
Doan, P.J., Gorman and Sundermann, JJ.