The STATE of Ohio, Appellee,

v.

SANSALONE, Appellant.

[Cite as *State v. Sansalone* (1991), 71 Ohio App.3d 284.]

Court of Appeals of Ohio,
Hamilton County.

No. C–900569.

Decided April 24, 1991.

*Richard A. Castellini,* City Solicitor, *Terrence R. Cosgrove* and *Frances L. Sheard,* for appellee.

*Wm. Stewart Mathews II,* for appellant.

---

*Per Curiam.*

This cause came on to be heard upon the appeal from the Hamilton County Municipal Court.

Defendant-appellant, Regina Sansalone, appeals her conviction for resisting arrest.

On April 29, 1990, Cincinnati police officer James Lucas was in the process of issuing a parking citation to a vehicle parked in a zone marked "No Parking Anytime." Before Lucas had completed the citation, appellant emerged from a nearby store, approached Lucas, and requested that he "forget about" the ticket since she was about to move her car. When Lucas declined, appellant got into the automobile and responded, "Well you're an asshole." Appellant pulled away from the curb and stated, "You're a real asshole," as Lucas dropped the ticket into the departing vehicle.

Lucas got into his cruiser, pursued appellant, pulled her over, and asked to see her license. A computer check showed that appellant was under a financial-responsibility suspension and, consequently, Lucas issued appellant a citation for operating a vehicle while under this suspension. Appellant refused to sign the citation and "crumbled it up," claiming that she had adequate insurance coverage. Lucas placed appellant under arrest, and she allegedly attempted to break away from Lucas's grip.

Appellant was charged with disorderly conduct, driving without a license, and resisting arrest. After a trial to the court, appellant was found not guilty of the charges of disorderly conduct and driving without a license, but guilty of resisting arrest. She received a suspended thirty-day sentence, was placed on probation for one year, and was ordered to perform twenty hours of community service. Her single assignment of error contends that the trial court erred by convicting her of resisting arrest because the necessary element of a "lawful arrest" was not proven by the state.

R.C. 2921.33 provides that "[n]o person, recklessly or by force, shall resist or interfere with a lawful arrest of himself or another." Although the arrest must be "lawful," it is not necessary for the state to prove that the defendant was in fact guilty of the offense for which the arrest was made to uphold a conviction for resisting arrest. *State v. Hurst* (Nov. 22, 1989), Hamilton App. No. C–880706, unreported, 1989 WL 140010. An arrest is "lawful" if the surrounding circumstances would give a reasonable police officer cause to believe that an offense has been or is being committed. *Id.;*

*Parma Heights v. Kaplan* (Mar. 30, 1989), Cuyahoga App. No. 55108, unreported, 1989 WL 30584.

[3] In the case *sub judice,* appellant was arrested for disorderly conduct. In *Coffel v. Taylor* (S.D.Ohio 1978), 8 O.O.3d 253, the federal district court described the circumstances under which a resisting-arrest charge made pursuant to R.C. 2921.33 would be justified in conjunction with a charge of disorderly conduct under R.C. 2917.11. The court in *Coffel* stated that a "lawful arrest" for disorderly conduct occurs regardless of whether the alleged offender is ultimately convicted if the officer had reasonable grounds to believe that the accused was recklessly causing inconvenience, annoyance or alarm to him by abusive language, and that the individual's language and conduct was likely to provoke a violent response. The court emphasized that the test is objective and that the officer need not in fact be inconvenienced, annoyed or alarmed, or personally provoked to a violent response. The question, instead, focuses on whether, under the circumstances, it is probable that a reasonable police officer would find the accused's language and conduct annoying or alarming and would be provoked to want to respond violently.

A review of the record before us reveals that Officer Lucas did not have a reasonable basis to believe that appellant had committed the offense of disorderly conduct. Lucas testified that when he dropped the parking citation into appellant's departing vehicle and she again uttered the word "asshole," he then decided to pursue her, not for the purpose of questioning her ability to operate a motor vehicle, but to charge her specifically with disorderly conduct. The record reflects that, at that point in time, appellant had called Lucas an "asshole" and a "real asshole," and had asked him "if [he] was having a bad day." While Lucas testified that appellant's remarks were uttered in a "loud" tone and that he was "offended" by her comments, the record is devoid of any indicia that any reasonable person would have found appellant's language alarming or annoying so as to provoke the immediate violent response or retaliatory breach of the peace required by *State v. Hoffman* (1979), 57 Ohio St.2d 129, 11 O.O.3d 298, 387 N.E.2d 239. Consequently, we conclude that there was no evidence adduced by the prosecution sufficient to constitute a "reasonable basis" for appellant's arrest for disorderly conduct. Therefore, the resisting-arrest conviction must be reversed. See *State v. Johnson* (1982), 6 Ohio App.3d 56, 6 OBR 268, 453 N.E.2d 1101; *State v. Clay* (1988), 43 Ohio Misc.2d 5, 539 N.E.2d 1168.

The judgment of the trial court is reversed and appellant is discharged.

*Judgment reversed.*

GORMAN, P.J., DOAN and KLUSMEIER, JJ., concur.