[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
{¶ 1} By complaints filed October 30, 2000, defendant, Barry D. Edney, was charged with criminal trespass in violation of Columbus City Code ("C.C.") 2311.21(A)(4), disturbing a lawful meeting in violation of C.C. 2317.12(A)(1), and resisting arrest in violation of C.C. 2321.33(A). Prior to the commencement of trial in the Franklin County Municipal Court, the court granted the motion of plaintiff, City of Columbus, to dismiss the charge of criminal trespass. Following a jury trial, defendant was acquitted of disturbing a lawful meeting but was found guilty of resisting arrest. Thereafter, the court pronounced sentence and judgment was entered accordingly. Defendant now brings this appeal, asserting the following two assignments of error:
 {¶ 2} "[1.] Appellant's conviction for resisting arrest was not supported by sufficient credible evidence and was against the manifest weight of the evidence. This deprived appellant of due process of law as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution.
 {¶ 3} "[2.] The trial court abused it's [sic] discretion and committed prejudicial error by not allowing defense counsel to discuss charges that had initially [been] filed against the defendant which were dismissed and refiled. This deprived the appellant of his right to a fair trial and due process of law as guaranteed by the Sixth andFourteenth Amendments to the United States Constitution and Article I, Section[s] 5
and 10 of the Ohio Constitution."
 {¶ 4} The relevant facts leading to defendant's arrest include the following. Columbus City Council ("council") held its regularly scheduled weekly meeting on Monday evening, October 23, 2000. Defendant attended the October 23, 2000 council meeting with a large group of people. The group, including defendant, sat in the balcony area of council chambers and, during the meeting, engaged in a loud and vigorous protest alleging police brutality and other police misconduct.
 {¶ 5} Columbus Police Sergeant Kevin Bayless provided security for the October 23, 2000 meeting, as he had done at every Monday evening meeting since November 1997. Bayless was well-acquainted with defendant, as defendant attended nearly every council meeting and often addressed council on issues of police brutality and racial profiling. According to Bayless, on a few prior occasions, he had to ask defendant to leave council chambers because defendant was engaged in disruptive behavior. Due to his prior history with defendant, Bayless "beam[ed] in" (Tr. 180) on defendant when he and the group of protestors entered the balcony area. According to Bayless, he concentrated on defendant because he did not recognize anyone else in the group.
 {¶ 6} As the protest got progressively louder, Bayless, Columbus City Safety Director Mitchell Brown, Columbus City Recreation and Parks Director Wayne Roberts and Columbus Police Officer James Conway confronted the group. Brown informed defendant that the group was disrupting the meeting and that their behavior would not be tolerated. In the meantime, due to the intensity of the protest, the council president recessed the meeting and the council members left council chambers for approximately 25 minutes. Brown eventually asked defendant and the group to leave the building. The entire group, including defendant, complied with Brown's request. Thereafter, the group congregated on the sidewalk outside the building and continued their demonstration. Brown accompanied the group outside and spoke briefly to them about their concerns.
 {¶ 7} Deputy Safety Director Gary Holland spoke individually with defendant. According to Holland, defendant was carrying a large banner affixed to a stick. Defendant asked Holland if he could return to the council meeting. After some discussion, Holland agreed to allow defendant to return on the condition that he remove the stick from the banner. Defendant acquiesced and re-entered the building, carrying the large banner. Holland instructed several police officers who were maintaining order outside to allow defendant back in the building.
 {¶ 8} Defendant proceeded to the balcony area with the banner, which he immediately unfurled over the balcony railing. By this time, the council meeting had resumed. A council aide informed Bayless, who had remained inside council chambers after the protestors vacated the building, that the banner was blocking one of the cameras used to film the meeting for public television. Bayless walked up to the balcony and asked defendant to remove the sign because it was blocking the camera. According to Bayless, defendant became very indignant and acted in a repugnant manner. In particular, he told Bayless to leave him alone and that Bayless had no right to be in the balcony. Defendant also began shouting at the council members, imploring them to get Bayless, whom defendant referred to as a "flunky" and "Uncle Tom," away from him. The council meeting was stopped for a brief period; however, the council members did not leave council chambers.
 {¶ 9} Bayless arrested defendant for disturbing a lawful meeting. As Bayless tried to handcuff defendant, defendant pushed Bayless in an attempt to get away from him. Bayless lost his balance and almost fell over the balcony railing. After Bayless regained his balance, he again attempted to handcuff defendant. Defendant again resisted Bayless's efforts, and the two ultimately engaged in a wrestling match. Two other officers responded to the scene. After a short time, the three officers were able to subdue defendant, and he was taken to police headquarters.
 {¶ 10} By his first assignment of error, defendant challenges his conviction for resisting arrest as being against the sufficiency and manifest weight of the evidence.
 {¶ 11} "The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different." State v. Thompkins (1997), 78 Ohio St.3d 380, paragraph two of the syllabus. We begin by addressing defendant's sufficiency argument. In reviewing a claim that a criminal conviction is against the sufficiency of the evidence, an appellate court must determine whether the evidence presented at trial, viewed in a light most favorable to the prosecution, would allow a rational trier of fact to find the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. Whether the evidence is legally sufficient to sustain a verdict is a question of law. Thompkins, supra, at 386.
 {¶ 12} Defendant was convicted of resisting arrest, which is defined in C.C. 2321.33(A) as follows: "[N]o person, recklessly or by force, shall resist or interfere with a lawful arrest of himself or another." Defendant's sufficiency argument rests upon a single contention — that he was not lawfully arrested and, therefore, could not properly be convicted of resisting such unlawful arrest. Defendant contends that the jury's "not guilty" verdict on the charge of disturbing a lawful meeting raises an issue as to the lawfulness of the arrest for that crime. C.C. 2321.33(A) expressly specifies that a "lawful arrest" is an element of the offense of resisting arrest. "Although the arrest for the underlying offense must be `lawful,' it is not necessary for the prosecution to prove that the defendant was in fact guilty of that offense to uphold a conviction for resisting arrest. * * * An arrest is `lawful' if the surrounding circumstances would give a reasonable police officer cause to believe that an offense has been or is being committed." Columbus v. Harbuck (Nov. 30, 2000), Franklin App. No. 99AP-1420, citing State v. Sansalone (1991), 71 Ohio App.3d 284, 285.
 {¶ 13} In the instant case, defendant was arrested for disturbing a lawful meeting, which is prohibited by C.C. 2317.12(A)(1), which reads as follows:
 {¶ 14} "No person, with purpose to prevent or disrupt a lawful meeting, procession, or gathering, shall do either of the following:
 {¶ 15} "(1) Do any act which obstructs or interferes with the due conduct of such meeting, procession, or gathering * * * [.]"
 {¶ 16} Bayless, the arresting officer, testified that defendant took part in the initial demonstration that eventually caused the council meeting to be recessed for approximately 25 minutes. Bayless further testified that upon re-entering council chambers subsequent to the initial protest, defendant unfurled a large banner and hung it over the edge of the balcony railing. Having been told by a council aide that the banner was blocking one of the cameras used to film the meeting, Bayless approached defendant and asked him to remove the banner. Defendant refused Bayless's request, and began shouting at council members to get Bayless away from him. The council meeting was stopped for a brief period. Bayless testified that he then arrested defendant for disturbing a lawful meeting.
 {¶ 17} In light of this testimony, we find that the evidence presented to the jury was sufficient to establish that the arrest for disturbing a lawful meeting was lawful, i.e., that Bayless had reasonable cause to believe that defendant had committed the offense of disturbing a lawful meeting. The fact that the jury acquitted defendant of disturbing a lawful meeting does not mean that the arrest for that crime was unlawful. The burden of proof in a criminal trial is "beyond a reasonable doubt," which is a far more stringent standard than that of "reasonable cause to believe" which was all that was necessary for Bayless to arrest defendant for disturbing a lawful meeting. See Harbuck, supra. Accordingly, the fact that defendant was acquitted of disturbing a lawful meeting is of no consequence. Id.
 {¶ 18} Having found sufficient evidence to support defendant's conviction, we turn to his manifest weight claim. "Although a court of appeals may determine that a judgment of a trial court is sustained by sufficient evidence, that court may nevertheless conclude that the judgment is against the weight of the evidence." Thompkins, supra, at 387. As noted previously, a challenge to the weight of the evidence is analytically distinct from a challenge to the sufficiency of the evidence.
 {¶ 19} In determining whether a conviction is against the manifest weight of the evidence, a reviewing court "[reviews] the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172,175. Even though a manifest weight challenge requires an appellate court to review the record, weigh the evidence, and consider witness credibility, such review is tempered by the principle that questions of weight and credibility are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 20} After reviewing the record and weighing the evidence presented, this court concludes that the evidence against defendant is sufficiently credible to support his conviction. Defendant contends that Bayless's testimony was not credible because Bayless was "extreme[ly] biased" against defendant. In support of his argument, defendant cites Bayless's testimony that he had previously had negative contact with defendant at council meetings, that he did not like defendant's practice of disrupting council meetings, and that he did not like the subject matter of defendant's protest. Defendant further argues that Bayless's testimony was not credible because it differed in certain respects from the testimony of other witnesses and was somewhat inconsistent with evidence submitted in the form of a videotape of the October 23, 2000 council meeting.
 {¶ 21} In State v. Craig (Mar. 23, 2000), Franklin App. No. 99AP-739, this court stated:
 {¶ 22} "As this court has previously stated, `[w]hile the jury may take note of the inconsistencies and resolve or discount them accordingly, see [State v.] DeHass [(1967), 10 Ohio St.2d 230], such inconsistencies do not render defendant's conviction against the manifest weight * * * of the evidence.' State v. Nivens (May 28, 1996), Franklin App. No. 95AP09-1236, unreported. It was within the province of the jury to make the credibility decisions in this case. See State v. Lakes (1964), 120 Ohio App. 213, 217, 201 N.E.2d 809 (`[i]t is the province of the jury to determine where the truth probably lies from conflicting statements, not only of different witnesses but by the same witness'). See State v. Harris (1991), 73 Ohio App.3d 57, 63, 596 N.E.2d 563 (even though there was reason to doubt the credibility of the prosecution's chief witness, he was not so unbelievable as to render the verdict against the manifest weight)."
 {¶ 23} The jury, as the trier of fact, had the opportunity to observe the demeanor and weigh the credibility of each of the witnesses at trial, including Bayless. Clearly, the jury found Bayless to be a credible witness and discounted the evidence presented by defendant as to Bayless's alleged bias against him and/or inconsistencies between Bayless's testimony and that of other witnesses. This court refuses to second-guess a jury's determination of witness credibility when the jury was able to observe the witnesses firsthand. To do so on this record would be an inappropriate usurpation of the jury's role. In short, there is no evidence that the jury, as trier of fact, clearly lost its way and created such a manifest miscarriage of justice that the judgment against defendant must be reversed. Accordingly, we cannot find that defendant's conviction for resisting arrest was against the manifest weight of the evidence. The first assignment of error is overruled.
 {¶ 24} By his second assignment of error, defendant contends that the trial court erred in refusing to allow evidence of the dismissed charge of criminal trespass. Defendant contends that this evidence was admissible under Evid.R. 401, 402, 404, 607 and 613.
 {¶ 25} Initially, we note that "[t]he admission or exclusion of relevant evidence rests within the sound discretion of the trial court." State v. Sage (1987), 31 Ohio St.3d 173, paragraph two of the syllabus. The trial court's exercise of its discretion will not be reversed absent a clear abuse of that discretion and a showing that the defendant has suffered material prejudice thereby. State v. Long (1978),53 Ohio St.2d 91, 98. An abuse of discretion is "* * * more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 26} In opening statement, defense counsel referred to the dismissed charge of criminal trespass. The city objected to the reference. Defense counsel argued that evidence of the dismissed charge should be permitted because it established that Bayless actually arrested defendant for criminal trespass, not disturbing a lawful meeting, based upon Bayless's mistaken belief that defendant was not permitted back into council chambers after the group was asked to leave the building. The trial court determined that defense counsel would not be permitted to discuss the dismissed criminal trespass charge. The court further ruled, however, that defense counsel could question Bayless about his motivation behind the arrest and/or any inconsistencies between the evidence submitted at trial and the complaints filed by Bayless.
 {¶ 27} At trial, defendant presented two alternative theories of the case: that Bayless actually arrested defendant on an unlawful charge, that is, criminal trespass, based upon his mistaken belief that defendant was not permitted back inside council chambers after the group was initially asked to leave, and/or that Bayless's bias and prejudice against him was the real motivation behind the arrest. Defendant contends that these theories are particularly demonstrated by the fact that Bayless originally filed a complaint for criminal trespass. As such, defendant contends that the trial court's decision to disallow evidence of the dismissed criminal trespass charge prejudiced him in establishing either theory and, as such, denied him a fair trial. We disagree.
 {¶ 28} Assuming, without deciding, that the dismissed criminal trespass charge was relevant evidence and was otherwise admissible, we cannot find that defendant was prejudiced by the exclusion of this evidence. Defense counsel was able to question Bayless on his motivation for arresting defendant and, in so doing, advance his theory that Bayless arrested defendant for criminal trespass, rather than disturbing a lawful meeting. On cross-examination, Bayless admitted that he mistakenly believed that defendant had been removed from the meeting and was not permitted to re-enter. Defense counsel repeatedly asked Bayless if his reason for arresting defendant was his belief that defendant was not permitted to re-enter council chambers. In addition, defense counsel asked Bayless what crimes he charged against defendant. Bayless responded that he charged defendant with disrupting a lawful meeting, resisting arrest, and criminal trespass. In response to further questioning by defense counsel, Bayless stated that he "tacked on the criminal trespass because I know for a fact he had been told to leave, and he came back" (Tr. 205) and was unaware that defendant had been told that he was permitted to return to council chambers. Although Bayless repeatedly denied that he arrested defendant for criminal trespass, defense counsel, by means of thorough and extensive cross-examination, was able to put before the jury testimony similar to that which he presumably could have elicited had he been permitted to specifically discuss the dismissed criminal trespass charge.
 {¶ 29} In addition, defense counsel was able to advocate his bias and prejudice theory by eliciting testimony from Bayless that he had previously had negative contact with defendant at council meetings, that he did not like defendant's practice of disrupting council meetings, and that he did not like the subject matter of defendant's protest.
 {¶ 30} As noted previously, the jury, as the trier of fact, had the opportunity to observe Bayless's demeanor and judge his credibility. The jury clearly found Bayless to be a credible witness and rejected defendant's theories that Bayless arrested defendant for criminal trespass and/or that the arrest was motivated solely by Bayless's bias against defendant. Accordingly, we cannot find that the trial court abused its discretion in excluding evidence of the dismissed charge of criminal trespass. The second assignment of error is therefore overruled.
 {¶ 31} Having overruled both of defendant's assignments of error, this court hereby affirms the judgment of the Franklin County Municipal Court.
Judgment affirmed.
BROWN and McCORMAC, JJ., concur.
McCORMAC, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.