OPINION
{¶ 1} In the early morning hours of May 23, 2006, police officers entered the home of appellant, Linda McBride, pursuant to a search warrant. Police officers were instructed to take physical custody of a minor child, appellant's grandson. Upon entering the premises and proceeding to the second floor in search of the child after the first floor was checked, appellant appeared on the stairway and did not comply with the officers' orders to come down the steps. After repeated commands were ignored, police officers physically removed appellant from the stairway. The child was found on the third floor of the home.
 {¶ 2} As a result of this incident, appellant was charged with obstructing official business in violation of R.C. 2921.31(A) and resisting arrest in violation of R.C. 2921.33(A). A jury trial commenced on September 20, 2006. The jury found appellant guilty as charged. By entry filed September 21, 2006, the trial court sentenced appellant to an aggregate term of one hundred eighty days in jail with one hundred twenty days suspended.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I *Page 3 {¶ 4} "THE TRIAL COURT ABUSED IT'S DISCRETION TO THE MATERIAL PREJUDICE OF THE DEFENDANT/APPELLANT IN THAT AT THE COMMENCEMENT OF THE JURY TRIAL HEREIN, AFTER HAVING GRANTED THE MOTION OF THE STATE FOR AN AMENDMENT OF THE COMPLAINT WHICH ALTHOUGH ALLEGING VIOLATIONS OF THE SAME CRIMINAL STATUTES AS IN THE ORIGINAL COMPLAINTS, ALLEGED THE DEFENDANT HAD COMMITTED SUCH CRIMES BY ENGAGING IN DIFFERENT CONDUCT ON A DIFFERENT DATE AND TIME THAT ORIGINALLY ALLEGED IN THE COMPLAINT, BUT THE COURT REFUSED TO GRANT DEFENDANT/APPELLANT'S MOTION FOR CONTINUANCE FOR ADDITIONAL TIME TO PREPARE A DEFENSE IN THE MATTER."
 II {¶ 5} "THE DEFENDANT/APPELLANT'S CONVICTION FOR THE OFFENSE OF OBSTRUCTION OF OFFICIAL BUSINESS WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 III {¶ 6} "THE DEFENDANT/APPELLANT'S CONVICTION FOR RESISTING ARREST WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN AS MUCH AS IT WAS NOT PREDICATED UPON A LAWFUL ARREST."
 IV {¶ 7} "THE TRIAL COURT ABUSED DISCRETION TO THE MATERIAL PREJUDICE OF THE DEFENDANT/APPELLANT BY ALLOWING THE STATE TO CROSS-EXAMINE THE DEFENDANT ABOUT SUCH MATTERS WHICH HAD PREVIOUSLY BEEN RULE INADMISSIBLE AT TRIAL BY VIRTUE OF THE TRIAL *Page 4 
COURT HAVING PREVIOUSLY GRANTED THE STATE'S MOTION IN LIMINE AS TO SUCH MATTERS."
 I {¶ 8} Appellant claims the trial court erred in granting the state's motion to amend the complaints and bill of particulars prior to the commencement of trial, and erred in denying her request for a continuance. We disagree.
 {¶ 9} Crim.R. 7 governs the indictment and the information. Subsection (D) states the following:
 {¶ 10} "The court may at any time before, during, or after a trial amend the indictment, information, complaint, or bill of particulars, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged. If any amendment is made to the substance of the indictment, information, or complaint, or to cure a variance between the indictment, information, or complaint and the proof, the defendant is entitled to a discharge of the jury on the defendant's motion, if a jury has been impanelled, and to a reasonable continuance, unless it clearly appears from the whole proceedings that the defendant has not been misled or prejudiced by the defect or variance in respect to which the amendment is made, or that the defendant's rights will be fully protected by proceeding with the trial, or by a postponement thereof to a later day with the same or another jury. Where a jury is discharged under this division, *Page 5 
jeopardy shall not attach to the offense charged in the amended indictment, information, or complaint. No action of the court in refusing a continuance or postponement under this division is reviewable except after motion to grant a new trial therefor is refused by the trial court, and no appeal based upon such action of the court shall be sustained nor reversal had unless, from consideration of the whole proceedings, the reviewing court finds that a failure of justice resulted."
 {¶ 11} As we have addressed in our opinion in State v. Walton
(November 15, 1991), Richland App. No. CA-2831, the issue must be reviewed as to whether there was a "failure of justice." This standard is required because appellant did not file a motion for new trial after the denial of her request for continuance following the amendments.
 {¶ 12} As for the obstruction charge, the state requested an amendment of the complaint regarding the date of the offense from May 22, 2006 to May 23, 2006, and the inclusion of a specification that appellant "blocked the stairs keeping officers from being able to carry out a search warrant, was commanded to move and refused to." T. at 5. The resisting arrest charge stemmed from appellant's actions on her arrest for obstruction. T. at 6.
 {¶ 13} The original complaint on obstruction filed May 24, 2006 stated the following:
 {¶ 14} "The undersigned issuing officer says that a person whose name appears above did on the 22nd day of May 2006 at 7:39 P.M. did unlawfully no person shall negligently fail or refuse to aid a law enforcement official prevent, obstruct, or delay the performance by a public official of any authorized act that hampers or impedes public official in lawful duties. To Wit: You refused to speak with officer walking into your *Page 6 
residence and locking the door. You did this in Loudonville, Ohio contrary to and in violation of * * *Ohio Revised Code # 2921.31(A)."
 {¶ 15} In its September 5, 2006 response to appellant's request for a Bill of Particulars, the state rested on the allegations set forth in the complaints.
 {¶ 16} Defense counsel articulated the reasons for objecting to the amendment and for requesting a continuance as follows:
 {¶ 17} "The complaint was filed for a specific charge with an offense that occurred outside the house at 7:39 p.m. The offense they're alleging now that occurred, changing it to, is an offense that happened inside the house at 2:50 a.m. on the morning of the 23rd. In my mind that changed the whole crux of the charge because it was a complaint filed. And then they filed and it's basically found a whole new complaint, as I would argue. While there has been pre-trial discussions about narrowing the issues as to what's happened inside the house, there was discussion that the State was going to focus on obstructing inside the house and resisting inside the house. Final argument today, Your Honor, is they were using that obstructing outside the house for the reason for the arrest, but she was not charged with that. When it was brought up, Mr. Gilman filed a motion in limine to keep out anything that happened outside the house, he wanted to narrow the issues to inside the house. He should have realized at that point there was a problem with the complaint." T. at 8-9.
 {¶ 18} Appellant obviously understood when she was arrested, it was in connection with the execution of the search warrant and not her refusal to speak with police on May 22, 2006 as stated by defense counsel. T. at 218-219, 236. Further, in *Page 7 
the state's September 5, 2006 pretrial motion in limine, the state included the actual factual issues to be tried as follows:
 {¶ 19} "This case is about obstruction of official business and resisting arrest. During the execution of a validly issued and executed warrant, Mrs. McBride is alleged to have stood on the stairway to the second floor of the house, blocking the officers' ability to move upstairs and refusing to follow officers' commands to move. After repeated commands, officers physically moved Mrs. McBride from the stairs. While being arrested for obstruction of official business, Mrs. McBride resisted arrest. She was charged with both crimes."
 {¶ 20} We find the trial court was correct in finding that no surprise occurred regarding the actual facts to be tried. The statements by the state in the motion for limine were made some fifteen days prior to trial. The date may have changed, but the acts of obstruction were clearly set forth in the record.
 {¶ 21} Upon review, we find there has been no failure of justice.
 {¶ 22} Assignment of Error I is denied.
 II, III {¶ 23} Appellant claims her conviction for obstructing official business and resisting arrest were against the manifest weight of the evidence. We disagree.
 {¶ 24} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983),20 Ohio App.3d 172, 175. *Page 8 
See also, State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."Martin at 175.
 {¶ 25} Appellant was convicted of obstructing official business in violation of R.C. 2921.31(A), and resisting arrest in violation of R.C.2921.33(A) which state the following, respectively:
 {¶ 26} "No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties.
 {¶ 27} "No person, recklessly or by force, shall resist or interfere with a lawful arrest of the person or another."
 {¶ 28} Appellant argues there was no evidence in the record that she "blocked the stairs or attempted to move her arms or feet in such a way as to prevent the officers from ascending the staircase, nor is there any indication that she resisted or otherwise tried to prevent the officers from taking her down the rest of the stairs." Appellant's Brief at 14.
 {¶ 29} It was appellant's position that she was surprised by the police and had no idea why they were there. However, immediately upon seeing the police, she communicated that their act of entering her home at 2:49 a.m. with a search warrant and weapons drawn was "overkill." T. at 218. As she stood on the stairway, appellant was afraid to respond to the officers' requests to come down the stairs because she thought she might do something wrong. Id. Instead of complying with the officers' *Page 9 
requests, appellant stated she "did nothing." Id. Appellant testified she was not blocking the officers' access to the upstairs, but was afraid to move because of the rifles pointed in her direction. T. at 219.
 {¶ 30} The testimony of six police officers contradicted appellant's assertions. The officers testified appellant's actions were noncompliant, and impeded their safe access to the upstairs. T. at 30, 37-38, 40-41, 74-75, 78-79, 108-112, 132-133, 165-166, 184-187. In fact, it was their opinion that she was setting them up for an ambush from her son, the father of the minor child the police officers were searching for. T. at 75-76. One of the officers denied appellant was given mixed signals as to what to do. T. at 109.
 {¶ 31} The fact that appellant had her hand in her pocket, and appeared to understand by her comments why the officers were there but refused to move off the stairs, indicated a safety issue and obstruction. T. at 109-110.
 {¶ 32} Appellant argues merely standing in the way is not obstruction of official business, and doing nothing is not a crime. Middletown v.Hollon, 156 Ohio App.3d 565, 2004-Ohio-1502; Columbus v, Michel (1978),55 Ohio App.2d 46; Hamilton v. Hamm (1986), 33 Ohio App.3d 175. Although we do not challenge the case law cited, we find reasonable minds could conclude that appellant was doing something more than just standing there.
 {¶ 33} There is a clear inference that a lot more was transpiring that early morning than an innocent grandmother being awakened from her sleep. Her own comment about the police action being "overkill" demonstrates she understood what was going on with the search. The testimony of the six police officers indicates *Page 10 
appellant's actions were more than just simple inaction. Her actions appeared to be a delaying tactic and a possible set-up for an ambush by her son.
 {¶ 34} This is more than a case of simple inaction. We find the direct evidence of the entire circumstance could lead reasonable minds to conclude that appellant was delaying or impeding the police officers from their lawful search.
 {¶ 35} Appellant's challenge to the resisting arrest conviction is predictable upon her argument that her arrest for obstruction was unlawful. Having found the obstruction charge to be substantiated, we find appellant's challenge to be without merit. While the crime of resisting arrest includes, as an essential element, a lawful arrest, "a court need not find that the elements of the underlying charge have been proven, but there must exist a `reasonable basis' for the arrest."City of Dayton v. Myers (July 24, 1998), Montgomery App. No. C.A. 16699, citing State v. Sansalone (1991), 71 Ohio App.3d 284, 285-286.
 {¶ 36} Upon review, we find no evidence that the jury clearly lost its way, and no manifest miscarriage of justice.
 {¶ 37} Assignments of Error II and III are denied.
 IV {¶ 38} Appellant claims the trial court erred in permitting the state to cross-examine her on issues previously excluded by the state's motion in limine. We disagree.
 {¶ 39} The admission or exclusion of evidence lies in the trial court's sound discretion. State v. Sage (1987), 31 Ohio St.3d 173. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or *Page 11 
unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217. Regarding a motion in limine:
 {¶ 40} "Thus, a motion in limine, if granted, is a tentative, interlocutory, precautionary ruling by the trial court reflecting its anticipatory treatment of the evidentiary issue. In virtually all circumstances finality does not attach when the motion is granted. Therefore, should circumstances subsequently develop at trial, the trial court is certainly at liberty `* * * to consider the admissibility of the disputed evidence in its actual context.'" State v. Grubb (1986),28 Ohio St.3d 199, 201-202, quoting State v. White (1982), 6 Ohio App.3d 1, at 4.
 {¶ 41} Pursuant to the state's motion in limine, the trial court precluded the use of any conversations between appellant and police officers prior to the execution of the search warrant. See, Judgment Entry filed September 19, 2006. During trial, the state engaged in a dialogue with appellant about her May 22, 2006 conversation with the police. The questions were in response and a result of appellant's assertions that she was without knowledge as to why the police officers were in her home:
 {¶ 42} "Q. My question is, yes or no, did you testify that you had no idea why these police officers came to your house? Was that your testimony a few minutes ago? It was, wasn't it?
 {¶ 43} "A. I did not know why over a dozen police officers were coming to my house.
 {¶ 44} "Q. No, no, no. What you said is that you didn't know what they wanted. You said I have no idea what these police officers wanted. I was shocked and wokened out of bed, and I have no idea. And that's a lie, isn't it? *Page 12 
 {¶ 45} "A. No, that is not a lie.
 {¶ 46} "Q. Hadn't you had interaction with several police officers earlier in the day-" T. at 242-243.
 {¶ 47} Given appellant's testimony, we find the trial court did not abuse its discretion in permitting the complained of cross-examination.
 {¶ 48} Assignment of Error IV is denied.
 {¶ 49} The judgment of the Municipal Court of Ashland County, Ohio is hereby affirmed.
 Farmer, P.J., Wise, J. and Delaney, J. concur. *Page 13 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court of Ashland County, Ohio is affirmed. *Page 1