[Cite as *State v. Blair*, 2012-Ohio-1847.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                                   :

    Plaintiff-Appellee                      :                    C.A. CASE NO.    24784

v.                                              :                    T.C. NO.    11 CRB 773

JEREMY L. BLAIR                                 :                    (Criminal appeal from
                                                                    Municipal Court)

    Defendant-Appellant                     :

                                                :

. . . . . . . . . .

**O P I N I O N**

Rendered on the    27th    day of     April   , 2012.

. . . . . . . . . .

ROBERT B. COUGHLIN, Atty. Reg. No. 0003449, 6111 Taylorsville Road, Huber Heights, Ohio 45424
    Attorney for Plaintiff-Appellee

KATHRYN L. BOWLING, Atty. Reg. No. 0084442, 111 W. First Street, Suite 518, Dayton, Ohio 45402
    Attorney for Defendant-Appellant

. . . . . . . . . .

FROELICH, J.

    **{¶ 1}** Following a bench trial, Jeremy Blair was found guilty of disorderly

conduct, in violation of R.C. 2917.11(A)(2), and of resisting arrest, in violation of R.C. 2921.33(A). On the charge of disorderly conduct, he was fined $150, with $100 suspended. On the charge of resisting arrest, he was sentenced to thirty days in jail, with twenty days suspended, and he was fined $250, with $200 suspended. He appeals from his conviction. He sought a stay of execution of his sentence in the trial court, but his request was denied.[1]

{¶ 2} The State presented the following evidence about the bases for the charges against Blair. Blair's actions will be discussed in greater detail under the assignment of error.

{¶ 3} On May 28, 2011, Blair was involved in an altercation with Chris Lewis, at the home of Lewis's family on Mill Ridge Road in Huber Heights. When police officers arrived, Blair berated them and Lewis's family with abusive language and insults for thirty minutes to an hour, while the officers repeatedly attempted to calm him down. One of the officers eventually decided to arrest Blair, and Blair resisted arrest by struggling with the officer. Blair was cited for disorderly conduct and resisting arrest.

{¶ 4} At trial, Lewis's brother and two police officers testified for the State; the defense did not call any witnesses. Blair made a Crim.R. 29(A) motion for acquittal on both charges at the close of the State's case, which was overruled. Blair was found guilty on both charges and sentenced as described above.

{¶ 5} Blair raises one assignment of error on appeal, which states:

THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION

---

[1] Blair's request for a stay demonstrates that he did not voluntarily serve his sentence and, therefore, that his appeal is not moot due to voluntary satisfaction of the judgment. See *Lammers v. Caltrider*, 2d Dist. Montgomery No. 21565, 2007-Ohio-1745, ¶ 5, citing *State v. Miller*, 9th Dist. Summit No. 23240, 2007-Ohio-370, ¶ 18.

FOR A RULE 29 ACQUITTAL, AS THE STATE FAILED TO SHOW THAT THE ARREST WHICH APPELLANT "RESISTED" WAS A LAWFUL ARREST.

**{¶ 6}** Blair contends that his arrest for resisting arrest was unlawful because his behavior did not constitute disorderly conduct and, as such, the officers did not have a lawful basis to arrest him. He also claims that his Crim.R. 29 motion for acquittal should have been granted.

**{¶ 7}** When reviewing the denial of a Crim.R. 29(A) motion, an appellate court applies the same standard as is used to review a sufficiency of the evidence claim. *State v. Thaler,* 2d Dist. Montgomery No. 22578, 2008-Ohio-5525, ¶ 14. "A sufficiency of the evidence argument disputes whether the State has presented adequate evidence on each element of the offense to allow the case to go to the jury or sustain the verdict as a matter of law." *State v. Wilson,* 2d Dist. Montgomery No. 22581, 2009-Ohio-525, ¶ 10, citing *State v. Thompkins,* 78 Ohio St.3d 380, 386, 1997-Ohio-52, 678 N.E.2d 541 (1997). When reviewing whether the State has presented sufficient evidence to support a conviction, the relevant inquiry is whether any rational finder of fact, after viewing the evidence in a light most favorable to the State, could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Dennis,* 79 Ohio St.3d 421, 430, 683 N.E.2d 1096 (1997). A guilty verdict will not be disturbed on appeal unless "reasonable minds could not reach the conclusion reached by the trier-of-fact." *Id.*

**{¶ 8}** Resisting arrest is defined at R.C. 2921.33(A), which states that "[n]o person, recklessly or by force, shall resist or interfere with a lawful arrest of himself or

another." "Although the arrest must be 'lawful,' it is not necessary for the state to prove that the defendant was in fact guilty of the offense for which the arrest was made to uphold a conviction for resisting arrest. *State v. Hurst*, 1st Dist. Hamilton No. C-880706, 1989 WL 140010 (Nov. 22, 1989). An arrest is 'lawful' if the surrounding circumstances would give a reasonable police officer cause to believe that an offense has been or is being committed. *Id.; Parma Heights v. Kaplan*, 8th Dist. Cuyahoga No. 55108, 1989 WL 30584 (Mar. 30, 1989)." *State v. Sansalone*, 71 Ohio App.3d 284, 285-286, 593 N.E.2d 390 (1st Dist.1991).

{¶ 9} The citation charged Blair with disorderly conduct in violation of R.C. 2917.11(A)(2), which states: "No person shall recklessly cause inconvenience, annoyance, or alarm to another by * * * making unreasonable noise or an offensively coarse utterance, gesture, or display or communicating unwarranted and grossly abusive language to any person." The disorderly conduct statute has long been interpreted to require that a reasonable person "would find the defendant's 'language and conduct annoying or alarming and would be provoked to want to respond violently.'" (Internal citations omitted.) *Gessner v. Schroeder*, 2d Dist. Montgomery No. 21498, 2007-Ohio-570, ¶ 38, citing *Warren v. Patrone*, 74 Ohio App.3d 595, 600 N.E.2d 344 (11th Dist.1991). *See, also*, *State v. Hoffman*, 57 Ohio St.2d 129, 387 N.E.2d 239 (1979); *State v. Glenn*, 1st Dist. Hamiltion No. C-030356, 2004-Ohio-1489, ¶ 25. The test is objective and focuses on whether, under the circumstances, it is probable that a reasonable person would find the accused's language and conduct annoying or alarming and would be provoked to want to respond violently; a person need not actually be provoked to a violent response. *Sansalone* at 286.

{¶ 10}     Blair contends that his arrest was unlawful for two reasons: 1) the officers were not provoked to respond violently toward him and did not feel threatened by him, and thus were unjustified in arresting him, and 2) arrest was not permitted for this offense because it was a minor misdemeanor.

{¶ 11}     Huber Heights Police Officers Scott Short and Robert Bluma testified for the State.  They responded to a house on Mill Ridge Road on the night of May 28, 2011, due to a report of a "disorderly subject at the residence."  Upon investigation, they discovered that Blair had been involved in a physical and verbal altercation with his friend, Chris Lewis, whose family lived at the residence.  Blair had called the police.  Both Lewis and Blair had been drinking, and Lewis left the home before the officers arrived.  Blair was cursing loudly and disruptively.

{¶ 12}     The officers attempted to calm Blair for thirty minutes to an hour; Blair would appear to calm down, but then become agitated again.  Blair was "belligerent and disorderly" during this period, calling the officers "f***ing pigs"[2] who did not know how to do "their f***ing jobs," and claiming that the laws of Montgomery County did not apply to him because he lived elsewhere.  Blair was also cursing at Lewis's family members, who were sitting outside their home.  Blair told the officers that he was waiting for a ride from someone who was coming from Washington Courthouse, so the officers "tried to be patient," but the owners of the home wanted Blair off of their property and the officers had other calls waiting, including some priority calls.  According to the officers' testimony, Blair was arrested because he continued to curse after the officers had repeatedly asked him

---

[2] We have modified some of the offensive language contained in the transcript.

to stop, and because he intended to walk to Rite Aid, despite the officers' instructions that he should wait for his ride at his current location, since he was too intoxicated "to walk on his own."

{¶ 13} Although the officers found Blair's conduct annoying and unpleasant, they testified that they did not feel threatened by him and that tolerating such behavior was part of their job. Sean Lewis, Chris's brother, also testified that Blair was yelling in a loud voice and cursing for approximately half an hour.

{¶ 14} The officers asked Blair to step off of the Lewises' property while he waited for his ride. As they were preparing to clear the call and leave, Blair again started to yell at them and call them names. Officer Scott also testified that Blair wanted to walk to a Rite-Aid, which he was in no condition to safely accomplish because of his intoxication. Officer Bluma decided to arrest Blair. It is undisputed that Blair struggled with Bluma and resisted his arrest.

{¶ 15} Blair contends that his arrest was unlawful, and therefore he did not resist a lawful arrest. However, the officers' testimony, which was unrefuted, established that Blair had, at the very least, recklessly caused inconvenience and annoyance to the officers and his friend's family members by making "unreasonable noise" or "offensively coarse utterance[s]" over an extended period of time. Because of the length and nature of Blair's diatribe, directed at both the officers and the residents, and the fact that Blair had no safe means of leaving the premises, the officers could have reasonably concluded that Blair's conduct and language would provoke someone to respond violently if it were allowed to continue and that it was lawful to arrest him. Further, the statute does not require that the

officers were actually provoked to violence, but that a reasonable person would be provoked. *Sansalone*, 71 Ohio App.3d 284, 286, 593 N.E.2d 390. In other words, there was evidence from which a rational factfinder could have concluded that Blair had engaged in disorderly conduct. His Crim.R. 29 motion for acquittal was properly denied.

{¶ 16} Moreover, under the circumstances presented, Blair's arrest for disorderly conduct was justified, even though the offense is, in many circumstances, a minor misdemeanor for which a citation is issued. See R.C. 2917.11(E)(2); R.C. 2935.26. R.C. 2917.11(E)(3)(a) provides that disorderly conduct is a misdemeanor of the fourth degree if the "offender persists in disorderly conduct after reasonable warning or request to desist." The officers testified that, over the course of thirty minutes to an hour, they had repeatedly instructed Blair to stop his abusive and disruptive behavior. The officers could have reasonably concluded that they were permitted to arrest Blair for his failure to desist because his offense was a misdemeanor of the fourth degree, rather than a minor misdemeanor.[3] Thus, the arrest was lawful as that term is used in the resisting arrest statute.

{¶ 17} Further, R.C. 2935.26 states that a person may be arrested, rather than issued a citation, for a minor misdemeanor if the offender "is unable to provide for his own safety." Officer Scott testified that Blair was intoxicated, that Blair was attempting to leave the scene to walk to a Rite-Aid store, and that he would have been unable to complete such a walk safely. This testimony justified Blair's arrest, even if his conduct were classified as a minor misdemeanor.

---

[3]Neither the citation nor the probable cause determination sets forth the degree of the disorderly conduct offense, although the narrative report stated that Blair "did persist using loudly vulgar language in public after multiple warnings." The termination entry refers to it as a minor misdemeanor.

**{¶ 18}** We have concluded that Blair's arrest was not an unlawful arrest, and he has asserted no other bases to challenge his conviction for resisting arrest.

**{¶ 19}** The assignment of error is overruled.

**{¶ 20}** The judgment of the trial court will be affirmed.

. . . . . . . . . .

HALL, J. and FISCHER, J., concur.

(Hon. Patrick F. Fischer, First District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Robert B. Coughlin
Kathryn L. Bowling
Hon. James D. Piergies