[Cite as *State v. Matthews*, 2015-Ohio-5075.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

STATE OF OHIO,                                 :        APPEAL NO.  C-140663
                                                        TRIAL NO.  C-14CRB-22241B
      Plaintiff-Appellee,               :

    vs.                                    :        *O P I N I O N.*

NATASHA MATTHEWS,                              :

      Defendant-Appellant.              :


Criminal Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Affirmed in Part, Reversed in Part, and
                             Cause Remanded

Date of Judgment Entry on Appeal:  December 9, 2015


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*,
Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Josh Thompson*,
Assistant Public Defender, for Defendant-Appellant.


Please note:   this case has been removed from the accelerated calendar.

**CUNNINGHAM, Presiding Judge.**

{¶1}    Following a bench trial, defendant-appellant Natasha Matthews appeals from her conviction for resisting arrest, in violation of R.C. 2921.33. Matthews had persisted in yelling and cursing at her sister, Erika Higgins, after police officers had warned her to leave or face arrest. While we affirm the trial court's finding of guilt, because the court did not afford Matthews the right of allocution before imposing sentence, we reverse the sentence, and remand the cause to the trial court for resentencing.

{¶2}    St. Bernard, Ohio police officers had responded to an emergency telephone call stating that two women were fighting. When they arrived, the officers found Matthews screaming at Higgins, just outside of Higgins' residence. A number of persons, including children, had gathered to watch the altercation. After separating the two and speaking with each, the officers told Matthews that she needed to leave the residence. Despite being told four times to leave, and being warned that she faced arrest for disorderly conduct, Matthews refused to leave, and continued yelling at her sister and the officers. An officer then attempted to put Matthews under arrest. She struggled with the officer and tried to pull away from him when he attempted to place her in handcuffs.

{¶3}    Matthews was ultimately charged with misconduct at an emergency, in violation of R.C. 2917.13, and with resisting arrest. At trial, the court granted Matthews' motion for a judgment of acquittal on the misconduct-at-an-emergency charge. After hearing the testimony of the arresting officers and of Matthews, the trial court found Matthews guilty of resisting arrest. At sentencing, the court sought mitigation from Matthews' counsel, but it did not personally address Matthews and ask whether she wished to make a statement in her own behalf or to present any information in mitigation of punishment. The trial court stayed the imposition of its sentence, including a suspended jail term and a six-month period of community control.

{¶4} In her first assignment of error, Matthews asserts that the trial court lacked jurisdiction to proceed because the criminal complaint initiating the resisting-arrest charge against her had not included the numerical designation of the applicable statute and had misnamed Matthews, referring to her in one of three places on the face of the complaint as "Natasha Higgins." We disagree.

{¶5} First, Matthews has waived the misnaming issue, and it cannot form the basis of any claimed error on appeal. *See State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 23. Matthews intentionally relinquished the issue when she brought it to the trial court's attention and then indicated that she was ready to proceed despite the fact that the court "might have [had her name] as Higgins."

{¶6} Next, Crim.R. 3 provides that a complaint shall include the numerical designation of the applicable statute. But Matthews' failure to raise this issue in the trial court forfeits all but plain error. *Payne* at ¶ 23. Since the omission of the numerical designation did not mislead Matthews in the preparation of her defense, any error in the complaint did not rise to the level of plain error. *See* Crim.R. 52(B); *see also State v. Jones*, 1st Dist. Hamilton Nos. C-120570 and C-120571, 2013-Ohio-4775, ¶ 14-15. The first assignment of error is overruled.

{¶7} In two interrelated assignments of error, Matthews challenges the weight and the sufficiency of the evidence adduced to support her conviction for resisting arrest. She argues that the state failed to prove that she had been lawfully arrested, and that her actions had constituted resistance against the police officers.

{¶8} The offense of resisting arrest, defined in R.C. 2921.33(A), provides that, "[n]o person recklessly or by force shall resist or interfere with the lawful arrest of a person or another." Although the arrest must be lawful, it is not necessary for the state to prove that the defendant was in fact guilty of the offense for which the arrest was made to uphold a conviction for resisting arrest. *See State v. Thompson*,

116 Ohio App.3d 740, 743, 689 N.E.2d 86 (1st Dist.1996); *see also State v. Sansalone*, 71 Ohio App.3d 284, 285, 593 N.E.2d 390 (1st Dist.1991). An arrest is lawful if the surrounding circumstances would give a reasonable police officer cause to believe that an offense has been or is being committed. *See Thompson* at 743-744.

{¶9} Our review of the record fails to persuade us that the trial court, acting as the trier of fact, clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *See State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). The state adduced ample evidence that the officers had observed a loud altercation between the sisters, and that after the officers had repeatedly asked Matthews to leave or face arrest, she persisted in yelling and cursing. These actions would cause a reasonable police officer to believe that Matthews had engaged in disorderly conduct, an arrestable offense under R.C. 2917.11(E)(3)(a). The officers' testimony also revealed that Matthews had pulled away from the officer attempting to take her into custody. Since the weight to be given to the evidence in this case and to the credibility of the witnesses was for the trial court, sitting as the trier of fact, to determine, it was entitled to reject Matthews' theory that the arrest had not been lawful and that she had not resisted arrest. *See* R.C. 2921.33(A); *see also State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of the syllabus.

{¶10} Moreover, the record reflects substantial, credible evidence from which the trier of fact could have reasonably concluded that all elements of the resisting-arrest offense had been proved beyond a reasonable doubt, including that Matthews' disorderly conduct had persisted after the officers had warned her to leave or face arrest. *See* R.C. 2921.33(A); *see also State v. Conway*, 108 Ohio St.3d 214, 2006-Ohio-791, 842 N.E.2d 996, ¶ 36. The second and third assignments of error are overruled.

{¶11} In her fourth assignment of error, Matthews asserts that the trial court erred by denying her the right of allocution before it imposed the sentence. We agree.

**{¶12}** When imposing sentence, the trial court must address the defendant personally and ask whether she wishes to make a statement in her own behalf or present any information in mitigation of punishment. *See* Crim.R. 32(A)(1); *see also State v. Green*, 90 Ohio St.3d 352, 359-360, 738 N.E.2d 1208 (2000). The right of allocution belongs to the defendant herself. *See State v. Thompson*, 1st Dist. Hamilton No. C-120516, 2013-Ohio-1981, ¶ 5. It is not enough for the trial court to give defense counsel the opportunity to speak on the defendant's behalf. *See Green* at 359-360.

**{¶13}** If a trial court imposes sentence without first asking the defendant if she wants to exercise the right of allocution, resentencing is required unless the error is invited error or harmless. *See State v. Campbell*, 90 Ohio St.3d 320, 738 N.E.2d 1178 (2000), paragraph three of the syllabus. Here, the trial court failed to address Matthews personally and ask her if she wished to make a statement in her own behalf or to present any information in mitigation of punishment before imposing sentence. This was error, and the unusual circumstances that could render the error harmless are not present in this case. *See State v. Osume*, 1st Dist. Hamilton No. C-140390, 2015-Ohio-3850, ¶ 24; *compare State v. Reynolds*, 80 Ohio St.3d 670, 684, 687 N.E.2d 1358 (1998). Since Matthews was not afforded an opportunity to speak in mitigation before the trial court imposed sentence, we sustain the fourth assignment of error. *See Osume* at ¶ 24.

**{¶14}** Matthews' fifth assignment of error, in which she alleges that she was denied a fair trial because of the cumulative effect of the errors in the case, is overruled. Since Matthews' trial was not infected with multiple instances of harmless error, the cumulative-error doctrine does not apply. *See State v. Leach*, 150 Ohio App.3d 567, 2002-Ohio-6654, 782 N.E.2d 631, ¶ 57 (1st Dist.); *see also State v. Yarbrough*, 104 Ohio St.3d 1, 2004-Ohio-6087, 817 N.E.2d 845, ¶ 112.

**{¶15}** Having sustained her fourth assignment of error, we reverse Matthews' sentence, and we remand the cause to the trial court for resentencing in accordance with

this opinion and the law. *See Campbell*, 90 Ohio St.3d 320, 738 N.E.2d 1178, at paragraph three of the syllabus. We affirm the trial court's judgment in all other respects.

Judgment affirmed in part, reversed in part, and cause remanded.

**DEWINE** and **STAUTBERG, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.